## COURT OF APPEALS.

### April 26, 1910.

## THE PEOPLE v. EUGENE B. WALKER.

(198 N. Y. 329.)

(1). RECEIVING STOLEN PROPERTY.

There must be three concurring facts to constitute the crime of receiving stolen property: (1) The property must have been stolen by some one. (2) It must have been bought, received, concealed or withheld by a certain person. (3) Such person must have known that the property was stolen. In addition to these facts the action of the accused person must have been taken with felonious intent.

(2). SAME—WITNESS—CREDIBILITY OF, QUESTION OF FACT.

The plea of not guilty and the presumption of innocence make the credibility of every witness for the People in a criminal action a question of fact for the jury. Within the limits of sound discretion the court may discuss and comment upon that question, but cannot decide it, for that is the exclusive duty of the jury. The court cannot withdraw from them any controlling fact which depends upon the credibility of witnesses, since both by statute and common law they are " the exclusive judges of all questions of fact."

(3). SAME—ADMISSION BY DEFENDANT.

When, however, a fact is admitted by the defendant or his counsel in open court during the trial, that fact is established by the admission, and no evidence need be given in relation to it. Moreover, if a fact essential to the crime, although not expressly admitted, is undisputed and is treated during the trial by all concerned as established, it would not be reversible error for the court to so charge, unless, and the exception is vital, the defendant should ask to have it submitted to the jury, and in that event, even in such a case, it would be the duty of the court to submit it accordingly.

(4). SAME—TRIAL—ERRONEOUS CHARGE.

On a prosecution for receiving stolen goods where the jury could have found upon the evidence that defendant was not in possession of the goods his counsel asked the court to charge " that it is a question of fact whether the property was at any time in the possession of the defendant. Of course, you remember there were three parties

28

that had access to the store.  By the Court:  No, I decline to charge
that;" *held,* that such refusal involved a substantial right of defendant
and was reversible error.

  People v. Walker, 134 App. Div. 909, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 17, 1909, which affirmed a judgment of the Oswego County Court rendered upon a verdict convicting the defendant of the crime of criminally receiving stolen property.

There were two counts in the indictment against the defendant.  By the first he was charged with feloniously and criminally buying and receiving from Arthur Greenwood and others certain property, consisting of whips, lap robes and the like, which had been stolen, knowing the same to have been stolen.

By the second count he was charged with corruptly and for reward concealing and withholding said stolen property, knowing it to have been stolen.

The jury found a general verdict of guilty and the defendant was sentenced to imprisonment for not less than two years and six months and not more than four years.  The judgment entered accordingly was unanimously affirmed by the Appellate Division.

The further material facts are stated in the opinion.

*George B. Dolsen* for appellant.  It was error for the court to charge the jury, " there was no question about the goods being stolen and in possession of defendant."  (*People v. Ammon,* 92 App. Div. 205; *People v. Hartwell,* 166 N. Y. 361; Underhill on Crim. Ev. 340-342; *People v. Howell,* 5 Hun, 620; *People v. Flack,* 125 N. Y. 324.)  The court's charge, " that there was but one question and that there was no question about its being stolen and that it was in his possession," constituted a positive direction by the court to find all ques-

tions of fact against the defendant, except the question whether
he knew the goods were stolen. (*Fitzgerald v. Alexander,* 19
Wend. 402; Underhill on Crim. Ev. 340-342; *People v. Howell,* 5 Hun, 620; *People v. Flack,* 125 N. Y. 324.)

*Freelon J. Davis, District Attorney* (*W. B. Baker* of counsel), for respondent. There is no error of sufficient importance
in the record to justify this court in reversing the judgment.
(*People v. Hummel,* 119 App. Div. 163; *People v. Miller,* 169
N. Y. 356; *People v. Weldon,* 111 N. Y. 576.)

VANN, J.:

The statute relating to the subject of this appeal, so far as
now material, provides that " a person, who buys or receives
any stolen property . . . knowing the same to have been
stolen . . . or who corruptly, for any money, property, re-
ward, or promise or agreement for the same, conceals, with-
holds, or aids in concealing or withholding any property, know-
ing the same to have been stolen, . . . is guilty of crim-
inally receiving such property, and is punishable," accordingly.
(Penal Code, § 550.)

Thus there must be three concurring facts to constitute the
crime: 1. The property must have been stolen by some one.
2. It must have been bought, received, concealed or withheld
by a certain person. 3. Such person must have known that
the property was stolen. While the Code does not expressly
so provide, by necessary implication the action of the accused
person must have been taken with felonious intent, as other-
wise possession by officers of the law engaged in the detection
and punishment of crime, as well as other cases of special but
innocent possession, might come within the statute when lit-
erally read.

Upon the trial evidence was given by the professed thief and

others tending to show that the property was stolen.   This evi-
dence was uncontradicted.   Evidence was also given by the
professed thief and another, both of whom were discredited as
well as sustained by testimony relating to character, tending
to show that the defendant had the property in his manual
possession, and, aside from this, other evidence tended to show
that some of the property was in a block occupied by the de-
fendant, and the rest in a barn on a farm belonging to him and
in his possession, two miles from his residence.   Several per-
sons had access to both buildings.   All this evidence was uncon-
tradicted, but the jury could have disbelieved the evidence of
the witnesses whose testimony was challenged by impeachment,
and the other evidence relating to possession by the defendant
was subject to diverse inferences, although not in a marked de-
gree.   The bulk of the evidence related to the question whether
the defendant knew that the property was stolen, and upon this
subject there was a conflict, although the defendant was not
sworn.

The court charged the jury that " There is no dispute as to
the fact that certain articles or personal property were stolen
from the barn of Mr. Ingersoll on the night of the sixth of
August last.   .   .   .  The boy, Greenwood, tells you that he
was the one that went there and stole the articles and tells you
where he took them.   There is no dispute of that evidence at
all.   All questions of fact are for you to decide.   I cannot de-
cide questions of fact.   I can tell you what the law is and that
you are bound to follow, but as to the questions of fact in this
case, (1) were the articles stolen, (2) did they come into the
possession of the defendant, and (3) did he know at any time
after that that they were stolen property; all those are questions
for you to decide.   .   .   .   I call your attention to certain
parts of the evidence which you are to consider as to whether
or not the defendant knew that it was stolen property.   There
is but one question here.   There is no question about its being

stolen and that it was in his possession. That is not denied. No one denies it. . . . If you find that at any time after the goods went on to the premises of the defendant, which the evidence apparently shows to be the sixth of last August, if during any of that period of time down immediately before they were recovered, he knew that these goods had been stolen, then he is guilty of receiving stolen property, knowing it to have been stolen. . . . If you find that they were stolen, of which there is no question, and in his possession, and he knew that they were stolen, there is but one plain duty for you to do. If you find the contrary, there is but one thing for you to do, and that is an acquittal.".

At the close of the charge the defendant's counsel took an exception to what the court " said in substance, I think there is no question as to the property, referring to the property at the store, being in possession of the defendant." By the court: " Take your exception." By defendant's counsel: " I ask the court to charge that it is a question of fact whether the property was at any time in the possession of the defendant. Of course, you remember there were three parties that had access to the store." By the court: " No, I decline to charge that." " Exception."

We should hesitate about reversing the judgment on the exception to the charge alone, for the remark of the court excepted to, when read in connection with all that was said upon the subject, might be regarded as a' comment on the evidence rather than an instruction that certain essential elements of the crime had been established as matter of law. (*Sindram v. People,* 88 N. Y. 196, 202.) The exception to the refusal to charge, however, cannot be overlooked without establishing a precedent that might endanger the liberty of innocent persons charged with crime. (*McKenna v. People,* 81 N. Y. 360, 362; *Stokes v. People,* 53 N. Y. 164, 180.)

It was necessary for the People to establish by legal evidence
the three elemental facts already pointed out, constituting the
crime charged.   The evidence introduced to prove these facts
involved the credibility of witnesses.   The plea of not guilty
and the presumption of innocence make the credibility of every
witness for the People in a criminal action a question of fact
for the jury.   Within the limits of sound discretion the court
may discuss and comment upon that question, but cannot de-
cide it, for that is the exclusive duty of the jury, established
by the practice of many generations.   The court cannot with-
draw from them any controlling fact which depends upon the
credibility of witnesses, even of the highest character and stand-
ing.   No matter how conclusive the evidence was in the case
before us, and assuming that it was wholly uncontradicted and
that the inferences all pointed one way, each of the three funda-
mental facts was for the jury to pass upon, for if the court
could take away one from them it could take away all, and
thus direct a verdict, which is never allowed in a criminal case.
While in a civil action, when there is no conflict in the evidence
and no diverse inferences therefrom are possible within reason,
the court may direct a verdict even in a case of the utmost im-
portance, still in a criminal action this is not permitted by
the law even in a case of the most trifling importance.

When the court, without qualification, refused to charge that
it was a question of fact whether the property was at any time
in the possession of the defendant, in view of what had already
been charged, it, in effect, directed a verdict as to a vital ele-
ment of the crime.   All questions of law, except in a criminal
prosecution for libel, are for the court, and all questions of fact
for the jury.   Both by statute and common law they are " the
exclusive judges of all questions of fact" and every essential
element of a crime presents a question of fact, whether there
is any conflict in the evidence or not. (Code Cr. Pro. §§ 419,

420.) When the jury are made the exclusive judges of a question as one of fact, the court is precluded from passing judgment upon it as one of law.

It should be observed, however, that when a fact, even of great importance, is admitted by the defendant or his counsel in open court during the trial, that fact is established by the admission, and no evidence need be given in relation to it. Under such circumstances, the court might with propriety charge that the fact was established, but with this exception every contingent part of the crime must be left to the jury, if a timely request is made to that effect.

Moreover, as is frequently the case, if a fact essential to the crime, although not expressly admitted, is undisputed and is treated during the trial by all concerned as established, it would not be reversible error for the court to so charge, unless, and the exception is vital, the defendant should ask to have it submitted to the jury, and in that event, even in such a case, it would be the duty of the court to submit it accordingly.

The application of these principles to this case requires a new trial, because the court, although duly requested, refused to submit the question of possession to the jury. We regret the necessity of reversing the judgment, but the error is too important to be disregarded, even under the latitude of the statute permitting us to give judgment without regard to technical errors or those which do not affect substantial rights. (Code Cr. Pro. § 542.) The error in question is not technical, and not only is a substantial right of the defendant involved, but the question is of importance to jurisprudence, for what we adjudge is the law of the state, binding upon all within its limits and liable to affect the liberty of any citizen, however innocent, who is prosecuted for a criminal offense.

The judgment of conviction should be reversed and a new trial ordered.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., absent.

Judgment of conviction reversed, etc.