## STATE v. EVERETT L. FLEETWOOD.[1]

### May 13, 1910.

### Nos. 16,593—(23).

**Grand larceny — evidence.**

The evidence was sufficient to justify the jury in finding beyond a reasonable doubt that appellant was guilty of grand larceny in the second degree.

**Same — admission of previous offense — proof.**

Appellant having admitted that he ordered certain merchandise of the same character as that described in the indictment, from a Chicago mercantile house, and that the goods were transported and delivered as directed by him at Albert Lea, it was not incumbent upon the state to prove the specific steps in filling the order and transporting the goods; nor was the state required to prove that the railway line over which the goods were shipped was that of a corporation duly authorized by law.

**Evidence of another crime.**

Appellant having stated, on his direct examination in defense, that he had never before been arrested, it was not error for the state to prove that he had been arrested and charged with the commission of a crime on a previous occasion.

**Evidence — charge to jury.**

The evidence was conclusive that the value of the stolen goods was more than $25, and the court did not err in so instructing the jury.

[1]Reported in 126 N. W. 485, 827.

[Note]   As to evidence of other crimes in prosecution for larceny, see note to People v. Molineux (N. Y.) 62 L. R. A. 231, 281, 315, 322.

Defendant was indicted by the grand jury of Freeborn county for the crime of grand larceny in the first degree in carrying away in the nighttime from the freight depot of a certain railway one shotgun, one violin, and other specified articles of the aggregate value of $194. The case was tried before Kingsley, J., who at the close of the state's case denied defendant's motion to direct a verdict in his favor on the ground there was no showing that the goods were ever stolen, but retained the indictment as one for grand larceny in the second degree. The jury found defendant guilty. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Mayland & Peterson,* for appellant.

*George T. Simpson,* Attorney General, and *N. E. Peterson,* County Attorney, for the State.

Lewis, J.

Appellant was twenty-two years old, married, and resided at Albert Lea. He was indicted for the crime of grand larceny in the first degree, charged with having stolen in the nighttime from the freight depot of the Chicago, Milwaukee & St. Paul Railway Company at Albert Lea, a certain shotgun, a violin, and other articles of merchandise.

He had lived in Albert Lea six months in 1908, and part of that time was employed as a brakeman on the Chicago, Rock Island & Pacific Railroad Company, and during a couple of months had also done clerical work at the freight depot of the Chicago, Milwaukee & St. Paul Railway Company at Albert Lea. He had formerly been a telegraph operator in Indiana for the Big Four Railway Company, and had also held the position of agent for one of the express companies.

Appellant admitted that during August, 1908, while living at Albert Lea, he sent a written order, under the name of B. H. Hanson, to Sears, Roebuck & Co., of Chicago, for certain merchandise. It was shown at the trial that the order was filled and shipped to B. H. Hanson at Albert Lea over the Chicago, Milwaukee & St. Paul Railway, and duly received by that company at its freight depot there on September 7, 1908, and was lost. A part,

at least, of the goods in question, were afterwards recovered in appellant's house, and corresponded with the goods shipped and received at the freight depot and described in the indictment. The state having failed to prove that the goods had been taken out of any building, the court charged the jury that the offense committed by appellant, if any, was the crime of grand larceny in the second degree, and the jury found him guilty of that crime.

The state produced evidence sufficient to show beyond a reasonable doubt that the goods shipped by Sears, Roebuck & Co. to Albert Lea over the Chicago, Milwaukee & St. Paul Railway in response to the Hanson order were found in appellant's possession. It was clearly proven, from such books of record as were kept, that the goods were checked out of the Chicago house, delivered to the Milwaukee Company at Chicago, and by it transported and delivered at the Albert Lea freight depot. Such being the case, it was not necessary to trace step by step the method of assembling, charging, and shipping the goods from the several departments of Sears, Roebuck & Co. Appellant did not base his defense on the ground that the goods had not been shipped and delivered at Albert Lea in response to the Hanson order. He testified that he gave the order in that name to an agent of the Chicago house, who had sold him the goods at greatly reduced prices, and admitted that he had received the goods, and that he used the name of Hanson for the purpose of securing the shipment.[1] The jury must have found that he resorted to that method for the purpose of having the goods placed where he could get possession of them, and that he removed them from the depot of the railway company without paying for them. In view of these admitted facts, the omission on the part of the state to show that the railway company was a legal entity was of no importance.

Some evidence was introduced by the state with reference to the prior history of appellant, and that while residing in Indiana he had been charged with the larceny of certain other goods from a certain express company. Whatever this evidence was, it was clearly warranted by the fact that appellant had himself opened

[1] See opinion on page 73, infra.

the door to the inquiry by testifying, on direct examination, that he had never been arrested on any previous occasion.

The court did not err in charging the jury that the articles found in appellant's possession, and which he was charged with having stolen, were, according to the evidence, of the value of $25. The witness called on behalf of the state testified that the articles described were of the value of more than $80. This value was not disputed by appellant, and on cross-examination he testified that he had bought the goods at a discount of forty-five per cent., which would still make the amount more than $40 value. The evidence was conclusive that the value of the goods stolen was more than $25, and there was nothing for the jury to find on that question.

The charge of the court was a full and fair presentation of the facts and all disputed questions, and we find that none of the assignments of error directed to the charge are sustained. All questions of fact not specifically referred to the jury were conceded or conclusively proven, and the controversy was reduced to the very narrow limits of determining whether the articles which were found in the possession of appellant were the same as those in possession of the railway company at the Albert Lea depot, and the intent with which he secured possession of them. The verdict is sustained by the evidence.

Affirmed.

On June 24, 1910, the following opinion was filed:

PER CURIAM.

On application for reargument, appellant calls attention to the statement in the opinion that he admitted at the trial that he had used the name of Hanson for the purpose of securing the shipment. This statement is not quite correct. He did admit that he had ordered the goods through an agent of the Chicago house, but denied that he had signed the name of Hanson in the order. However, the evidence in connection with appellant's admissions made it clear that he was in possession of most of the goods described in that order.

Application denied.