# STATE v. WILLIAM STOCK.[1]

May 15, 1925.

No. 24,748.

**Proof required to convict defendant of sale of intoxicating liquor to minor.**
In a prosecution for a violation of the law prohibiting the sale of intoxicating liquor to a person under 21 years of age, it is necessary for the state to establish by legal evidence each of the elemental facts constituting the crime charged. Under the evidence in this case, an instruction that the defendant was guilty, if the liquor furnished to the person named in the indictment was an intoxicant, should not have been given.

1. See Intoxicating Liquor, 33 C. J. p. 744, § 480; p. 791, § 547.

Defendant and another were indicted by the grand jury of Pennington county charged with the crime of selling and furnishing intoxicating liquor to a minor, tried separately in the district court for that county before Grindeland, J., and a jury which found defendant guilty as charged in the indictment. Defendant appealed. Reversed.

*C. L. Pegelow,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Theodore Quale,* County Attorney, for respondent.

LEES, C.

James Thompson and William Stock were indicted jointly charged with the crime of "selling and furnishing intoxicating liquor to a minor." They were tried separately and Stock was found guilty, and he has appealed from the judgment of conviction.

The evidence warranted the jury in finding that at the time specified in the indictment the defendants were in the company of two girls, one 22 and the other 16½ years of age; that in the evening the four drove about the streets of Thief River Falls in Thompson's

[1]Reported in 203 N. W. 964.

car, and that he had that day purchased a bottle of "Crabina" and had placed a portion of it in a small bottle which he had in his car. Thompson testified that "Crabina" is a nonalcoholic apple cider, but the evidence as to the consequences of drinking it showed clearly that, if the bottle contained cider, the cider had become very hard. In the course of the drive Stock went to the hotel where Thompson stayed, got some water glasses, and then went into a pool hall and purchased several small bottles of "Extra Dry," a beverage described by the witnesses as a kind of grape juice and nonintoxicant. During the evening the contents of the bottle Thompson provided and the contents of the bottles Stock purchased were mixed in the glasses and drunk by the several members of the party, and all but Thompson became more or less intoxicated.

The court instructed the jury that "it is the law in this state that any person who shall sell liquor to anyone under twenty-one years of age is guilty of a felony." The statutory definition of the word "sell" was then read to the jury, and the court proceeded to say:

"If the crime here charged was committed, these defendants are equally guilty, as the law is that if two or more persons are engaged in the commission of a crime the acts of each in the commission of such crime are binding upon all and all are equally responsible for the acts of each. * * * What is the real question at issue in this case? The question is simply this: Were the drinks that William Stock and James Thompson gave Ruth Quammen (the minor) * * * intoxicating? If, under the evidence and instructions as to the law, you find they were, then this defendant William Stock is guilty."

Proper exceptions were taken and a reversal is sought because of alleged error in the giving of these instructions.

It was necessary for the state to establish by legal evidence the elemental facts constituting the crime charged. The plea of not guilty and the presumption of defendant's innocence made the credibility of the witnesses for the state a question of fact for the jury. The statute, G. S. 1923, § 10710, provides that on the trial of an

indictment for any offense, except libel, questions of law shall be decided by the court and questions of fact by the jury.

In People v. Walker, 198 N. Y. 329, 91 N. E. 806, the court said that within the limits of sound discretion the court may comment upon the credibility of the witnesses, but cannot withdraw from the jury any controlling fact which depends upon the credibility of witnesses even of the highest character and standing; that, no matter how conclusive the evidence may be, the fundamental facts constituting the crime charged must be passed upon by the jury, for, if the court may take one away from the jury, it can take away all of them and thus direct a verdict, which is never allowed in a criminal case.

In State v. Johnson, 85 S. C. 265, 67 S. E. 453, the court said that in charging the jury a judge may state admitted facts or facts as to which there is no issue or declare the law applicable to a hypothetical state of facts, but the defendant's denial of the facts entitles him to have the jury pass upon the weight and sufficiency of the evidence offered to prove them.

In State v. Damuth, 135 Minn. 76, 160 N. W. 196, this court said: "Where the evidence is conclusive on a question and would not legally justify the jury in finding otherwise, the court may instruct the jury to that effect; and where the evidence proving a fact is such that a jury would not be legally justified in finding otherwise, the court may instruct the jury that the fact exists." State v. Fleetwood, 111 Minn. 70, 126 N. W. 485, 827, should be examined in addition to the cases cited in State v. Damuth.

The instruction complained of withdrew from the jury every question but one, namely, whether the liquor was an intoxicant. In effect the jury were told that both Stock and Thompson were principals jointly concerned in the commission of the offense charged; that both men had furnished the liquor to the minor and that a verdict of guilty should be returned if the jury found that the liquor was an intoxicant.

The statute prohibits the manufacture, sale or transportation of intoxicating liquor, section 2, chapter 416, p. 588, L. 1923, and declares in section 1 that the terms "sell" and "sale" shall include

all barters, gifts and means of furnishing liquor in violation or evasion of the law.

Under the evidence the jury might have found that Thompson furnished the intoxicating liquor which was consumed, and that Stock participated in the affair only to the extent of providing a nonintoxicating beverage to mix with or dilute the intoxicant. In these circumstances, it seems to us that the court went too far in instructing the jury in substance that Stock was guilty of the offense charged if the "drinks" contained an intoxicant. There could be so little doubt about the intoxicating properties of the liquor that the instruction virtually amounted to a direction to return a verdict of guilty.

The evidence was not of such nature as to compel the conclusion that Stock had knowingly furnished or sold intoxicating liquor to the minor, hence he was entitled to have the jury pass upon that question, as well as upon the question whether the liquor was an intoxicant.

Judgment reversed and a new trial granted.