## STATE v. WILLIAM STOCK.[1]

December 17, 1926.

No. 25,643.

**Indictment not bad for duplicity or want of certainty.**

1. The indictment charged the defendant with having sold and furnished intoxicating liquor to a girl of the age of 16 years. Read as a whole, it appeared with a sufficient degree of certainty that the gravemen of the offense was giving intoxicating liquor to the girl.

**Gift of liquor to minor violation of act.**

2. Chapter 290, L. 1911, unqualifiedly prohibits the gift of intoxicating liquor to a minor for consumption as a beverage. The penalty of the statute cannot be escaped by a showing that the gift was made in a spirit of hospitality or good-fellowship.

**Defendant should have been sentenced for gross misdemeanor.**

3. Subdivision (f) of § 3225, G. S. 1923, provides that any person who shall sell liquor to anyone under 21 years of age, in violation of c. 16, G. S. 1923, shall be guilty of a felony. Chapter 290, L. 1911, provides that anyone who violates its provisions is guilty of a gross misdemeanor. After his conviction the defendant was sentenced to imprisonment in the state prison. He should have been sentenced pursuant to the provisions of c. 290, L. 1911, for the commission of a gross misdemeanor.

Indictments and Informations, 31 C. J. p. 662 n. 5, 6; p. 667 n. 88.
Intoxicating Liquors, 33 C. J. p. 601 n. 3; p. 618 n. 88, 89; p. 735 'n. 50, 52, 53, 57 New; p. 796 n. 37.

Defendant appealed from a judgment of the district court for Pennington county, Grindeland, J., convicting him of crime and sentencing him to state prison. Remanded.

*C. L. Pegelow*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Theo. Quale*, County Attorney, for the state.

[1]Reported in 211 N. W. 319.

LEES, C.

This case was here before and is reported in 163 Minn. 271, 203 N. W. 964. At the second trial the evidence was substantially the same as at the first. The defendant was again convicted and sentenced to imprisonment in the state prison. This appeal was taken from the judgment.

Appellant's first point is that the indictment charges more than one offense and that the demurrer interposed on that ground should have been sustained. The indictment charged defendant with the crime of "selling and furnishing" intoxicating liquor to a girl of the age of 16 years. Chapter 16, G. S. 1923, makes it an offense to sell intoxicating liquor to anyone, whether an adult or a minor. Chapter 290, p. 407, L. 1911, makes it an offense to give intoxicating liquor to a minor. Section 3200, G. S. 1923, provides that the terms "sell" and "sale" shall include all barters, gifts and all means of furnishing liquor in violation or evasion of law. Sales are not mentioned in c. 290, p. 407, L. 1911. As authority in support of the contention that separate and distinct offenses are set forth in the indictment, appellant cites 33 C. J. p. 735, where it is stated that an allegation that defendant sold *or* gave away intoxicating liquor to another renders the indictment objectionable on the ground of uncertainty. The statement is preceded by one to this effect: An indictment alleging that defendant did sell *and* give away intoxicating liquor will generally be sustained as against objections on the ground of indefiniteness or duplicity. The indictment in the present case charges defendant with having sold *and* furnished intoxicating liquors, hence it is not bad for duplicity according to the authority upon which appellant relies.

But the indictment must be read as a whole. It is sufficient if the act charged as the offense is set forth so clearly and distinctly that the defendant cannot fail to understand the nature of the offense of which he is accused, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction. G. S. 1923, § 10647. The defendant could hardly fail to understand that the basis of the prosecution was not a sale but a gift of intoxi-

cating liquor to the girl named in the indictment, and the court could pronounce the proper judgment upon a conviction.

Section 1564, R. L. 1905, and G. S. 1913, § 3188, gave substantially the same definition of the terms "sell" and "sale" as is given in G. S. 1923, § 3200. We think the legislature intended by these definitions to reach those who attempted to evade the liquor laws on the pretense that the liquor was not sold but was given to the person to whom it was furnished, and hold that the indictment stated but one offense and that the demurrer was properly overruled.

The next point raised is that at most the evidence showed that, in a spirit of hospitality or good-fellowship, the defendant, who was not engaged in the liquor traffic, had made a gift of liquor to a minor. The answer to this is that c. 290, p. 407, L. 1911, unqualifiedly prohibits the gift of intoxicating liquor to a minor. The statute speaks for itself. The contention that a gift to a minor as an act of hospitality is not prohibited cannot be sustained. The only support for the contention is found in a statement in 15 R. C. L. p. 362, which defendant quotes. Whatever view courts in other states may have taken, we decline to place a construction upon our statute which would make it possible to give intoxicating liquor to a minor for his consumption as a beverage without incurring the penalty imposed by law.

We are satisfied that the evidence supports the verdict and that there were no errors in the rulings of the trial court, hence the conviction must be upheld. But the defendant should have been sentenced under c. 290, p. 407, L. 1911, which provides that one who violates its provisions is guilty of a gross misdemeanor punishable in accordance with the laws of this state. This was conceded by the learned deputy attorney general in his presentation of the state's case. In order that defendant may be thus sentenced, the case is remanded with directions to vacate the sentence imposed and to resentence the defendant for the commission of a gross misdemeanor instead of a felony.