STATE v. GEORGE B. ERVIN.[1]

January 21, 1927.

No. 25,883.

**That accused acted as agent of minor does not prevent his conviction under L. 1911, c. 290.**

Any person who gives, procures or purchases intoxicating liquor for a minor is guilty of a violation of L. 1911, p. 407, c. 290, and cannot escape a conviction on the plea that he acted as the agent of the minor in procuring the liquor for him.

Intoxicating Liquors, 33 C. J.. p. 601 n. 3.

Defendant appealed from an order of the district court for Lyon county, Enersen, J., denying his motion for a new trial. Affirmed.

*Hall & Gislason,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *A. R. English,* County Attorney, for the state.

LEES, C.

Defendant was charged in an indictment returned by the grand jury of Lyon county with having sold to Leo Welsh, a minor, two quarts of moonshine whiskey to be used as a beverage. Tried and convicted, he has appealed from an order denying his motion for a new trial.

The state introduced evidence showing that on February 27, 1926, a man named Linnan operated the Duluth Hotel at Marshall and that defendant was a roomer at the hotel; that in the evening of that day John Watkins, who was 24 years old, and Leo Welsh, who was 16 years old, came to the hotel; that defendant.was acquainted with Watkins but not with Welsh; that Watkins and Welsh asked defendant if he knew where they could get some whiskey, and that defendant replied that he thought he could get some for them and went to the kitchen of the hotel; that on returning to his room,

[1]Reported in 211 N. W. 956.

where Watkins and Welsh remained, he told them "it was $3 a quart;" that Watkins and Welsh paid him for two and a half quarts and Watkins went into the kitchen with defendant, found Linnan there, and got three bottles of moonshine whiskey which he took to the door of the hotel where he gave it to Welsh, who drank some of the liquor and carried the remainder away. The defendant conceded that the liquor was intoxicating. This evidence justified the jury in finding that Welsh paid for and drank a portion of the liquor and that defendant was instrumental in obtaining it for him, and leaves for consideration but one question.

The defendant requested the court to instruct the jury as follows:

"You are instructed that if you find from the evidence that the defendant acted in good faith as the agent of the witness Watkins, or Leo Welsh, or either of them, to purchase the liquor for them, or either of them, then there was no sale and you will find the defendant not guilty."

The instruction was properly refused. If the defendant did act as the agent of Welsh in purchasing the liquor for him, he could not escape a conviction. Chapter 290, p. 407, L. 1911, makes it an offense for any person to give, procure, or purchase intoxicating liquor for a minor. The statute was recently considered in State v. Stock, 169 Minn. 364, 211 N. W. 319. The rule stated in State v. Provencher, 135 Minn. 214, 160 N. W. 673, that a person acting in good faith as the agent of the purchaser of intoxicating liquor cannot be convicted of an unlawful sale, has no application, for in that case it was expressly stated that all sales to a minor are illegal.

Moreover the evidence fairly shows that, if defendant acted as the agent of anyone, it was the agent of Linnan, the seller, and not as the agent of Welsh, the purchaser of the whiskey.

Order affirmed.