STATE EX REL. FRED KNAPP v. JOHN J. SULLIVAN.[1]

March 25, 1927.

No. 26,168.

**Writ of habeas corpus quashed.**

Defendant pleaded guilty to a charge of selling liquor to a minor and was sentenced to prison under G. S. 1923, § 3225. The commitment was in accord with the judgment and sentence. *Held*:

(1)   That, upon the facts as stipulated, the writ of habeas corpus was properly quashed by the district court.

(2)   That a statement of his opinion, attached to the commitment by the county attorney, in no manner affected the sentence or qualified the commitment.

(3)   That a writ of habeas corpus does not take the place of an appeal or writ of error.

Criminal Law, 16 C. J. p. 1329 n. 47; p. 1361 n. 91; p. 1375 n. 15.
Habeas Corpus, 29 C. J. p. 19 n. 41; p. 25 n. 4.

[1]Reported in 213 N. W. 56.

Appeal from an order of the district court for Washington county, Stolberg, J., quashing a writ of habeas corpus directed to J. J. Sullivan, warden of the state prison, to secure the release of relator from custody. Affirmed.

*Daniel F. Foley* and *John D. Nunan,* for relator.

*Clifford L. Hilton,* Attorney General, and *William H. Gurnee,* Assistant Attorney General, for respondent.

QUINN, J.

Fred Knapp was indicted by the grand jury of Redwood county, charged with having, on the 21st day of April, 1926, feloniously sold, given and furnished a minor of less than 16 years of age intoxicating liquor against the form of the statute in such case made and provided. The accused was duly arraigned upon such indictment, to which he entered a plea of not guilty. Thereafter, he appeared again in open court with his attorney, withdrew his plea of not guilty and entered a plea of guilty to the charge contained in the indictment. Whereupon the court adjudged the accused guilty of the crime charged in the indictment and that, as punishment therefor, he be confined at hard labor in the Minnesota state prison at Stillwater for a term not exceeding one year and six months, and the accused was then remanded to the custody of the sheriff. A commitment in due form, dated April 29, 1926, was issued. Subsequent thereto the county attorney made a statement, in writing, dated April 30, and attached it to the commitment. Pursuant to the mandate of such commitment, the sheriff delivered the accused into the custody of the warden of the prison. On February 14, 1927, the accused, through his present counsel, applied to and procured a writ of habeas corpus from the district court of Washington county. The writ was duly served and the respondent's return thereto made. Upon hearing before the district court, the writ was quashed and the accused was remanded to the custody of the warden. This appeal followed.

While a writ of habeas corpus cannot be permitted to perform the functions of an appeal or writ of error yet, if the judgment under which one is restrained of his liberty is void, habeas corpus is a

proper remedy. No question is raised in the instant case but that the court had jurisdiction of the subject matter and of the person. The vital question is whether the court had authority to render the particular judgment in question. If not, then the judgment is fatally defective and the commitment is invalid. The proceeding is here for trial de novo. The facts are stipulated. The matter was submitted upon the record, stipulation of facts and the argument of counsel and their written briefs.

It is urged that the offense to which the accused pleaded guilty before the Redwood county court was a gross misdemeanor, punishable by confinement in the county jail or by fine as provided in G. S. 1923, § 9923. The charge contained in the indictment to which the accused pleaded guilty was for selling and furnishing intoxicating liquor to a minor under the age of 16 years. Section 3225, subd. (f), G. S. 1923, provides that any person who shall sell liquor to anyone under 21 years of age, in violation of this act, shall be guilty of a felony. By section 3200, the term "sell" is made to include all barters, gifts and all means of furnishing liquor in violation or evasion of the law. Section 9921 provides that whoever is convicted of a felony, for which no other punishment is specially prescribed by statute, shall be punished by imprisonment in the state prison or a county jail for not more than seven years, or by a fine of not more than $1,000 or by both.

The indictment charges that the accused did "feloniously sell, give, furnish to and provide for one * * * intoxicating liquor," etc. The use of the word "give", as used in the indictment, in no way changed or modified the charge. The definition of "sell" given by the statute includes gifts and, when so considered, the offense charged comes within the provisions of subd. (f), § 3225, of the statute.

By his plea of guilty, the accused admitted a sale as charged. The trial court accepted the plea and thereupon determined and adjudged the defendant guilty of selling and furnishing liquor to the girl in violation of such statute. We think the sentence imposed was fully warranted by the record. The mere fact that the county attorney attached a statement reciting his opinion as to

certain matters in no way affected the judgment and sentence of the court, nor did it in any manner qualify the commitment.

The opinion in State v. Stock, 169 Minn. 364, 211 N. W. 319, is not in point. There the question under consideration was whether the evidence showed a sale or gift. In the instant case the defendant, by his plea of guilty, admitted the sale and the judgment and commitment are strictly in accordance with the plea and must be sustained as against an attack on habeas corpus proceeding. It is not a case where the sentence is invalid as shown by the record and, for that reason, the holdings in State ex rel. Kelly v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L. R. A. (N. S.) 978, and State ex rel. Henderson v. Reed, 138 Minn. 468, 163 N. W. 985, have no application.

A writ of habeas corpus will not take the place of an appeal or writ of error. The appellant had his right of appeal, of which he did not avail himself. He cannot now be heard to say that he was in fact not guilty of the crime to which he pleaded guilty.

Affirmed.