Larkin, J.
In two counts the indictment charges defendant with a violation of section 1308 of the Penal Law, receiving, concealing or withholding property, known by him to have been stolen. The first count alleged that defendant, on February 13, 1943, in the city of Corning, Steuben County, purchased a white gold wrist watch, knowing that it had been stolen by the seller from the true owner. In the second count the charge is that defendant, on February 16, 1943, concealed or withheld the same wrist watch from its true owner, knowing, then, that it had been stolen. The jury acquitted defendant of the crime as charged in the first count, but convicted under the second. Although the indictment as framed alleged a misdemeanor, only, in each count, the judgment of conviction was pronounced treating the offense as a felony. Defendant was sentenced to imprisonment in Attica Prison for not less than two nor more than five years, and to pay a fine of $1,000 and stand committed in Attica Prison, $1 for each day of the fine until paid. The prison sentence was suspended on condition that the fine be paid at once.
Probably the prosecution’s proof established enough to have warranted a finding that defendant purchased the watch for resale. Clearly his own testimony fully established that he was a dealer in secondhand personal property. Under the circumstances, no such question having been raised on the trial, or on this appeal, we give no further consideration to the indictment.
Appellant urges error in the receipt of evidence to establish an essential fact necessary to be found by the jury in order that they might convict of the offense stated in either count, and the court’s charge in reference to that same fact, namely, that the watch which defendant purchased had actually been stolen from its owner. Concededly some of the evidence received for this purpose was hearsay and proper objection was taken to its receipt. Moreover the court charged as a matter of law that the watch was stolen from its owner and sold by the thief to defendant. Counsel for defendant excepted to the charge as given and the refusal of the court to submit the question as one of fact to the jury. We deem the charge, in this respect, erroneous.
The elements of the crime are stated in People ex rel. Briggs v. Hanley (185 App. Div. 667, 671, reversed on another point, 226 N. Y. 453). This question presented by defendant’s exception and request is discussed in People v. Walker (198 N. Y. 329, 835) and the rule which must be applied to the instant *732 charge is therein stated. Defendant never admitted that the watch which he purchased had been stolen by the seller. While it is true that he offered in evidence as part of his case the testimony of the alleged thief given upon the preliminary hearing in the city court, it is perfectly evident that it was not offered as an admission that the watch had been stolen, but rather for the very opposite purpose, namely, to afford to the jury some proof upon which to base a finding that it had not been stolen. So even if we concede that the testimony so received as part of defendant’s case would have justified a finding that the watch was stolen, that would be a far cry from saying that defendant expressly admitted the fact. Defendant was entitled to the charge requested, and it was error to tell the jury that, as a matter of law, the watch was stolen.
Although, in our opinion, there are other errors in the conduct of the trial and the court’s charge which, taken Avith the two already noted, would require a reversal, we deem it unnecessary to consider them in víbav of the conclusion which we have reached and which Avill be next discussed.
The crime of which this defendant stands convicted is but a variation of the crime of larceny. Section 1306 of the Penal Law provides that on an indictment for larceny it is a sufficient defense that the property was appropriated openly and avowedly, under a claim of title preferred in good faith, even though such claim is untenable. In order to constitute a larceny there must be an intent to deprive the owner of his property, and if an accused, under an honest impression that he has a right to the property, takes it, even though the claim be actually untenable, but there is color to his claim, such a defendant cannot be convicted of larceny under that state of facts. We believe that rule applies to the instant situation.
At the outset it must be kept in mind that the jury has acquitted this defendant under the first count, namely, that he purchased the watch on February 13, 1943, knowing it was stolen property. His conviction is based on his concealing and withholding the watch from its true owner on the night of February 16, 1943, when intervieAved by a police officer, the owner, the latter’s father and the alleged thief. Concededly there was no concealment on the part of defendant. On the contrary he frankly stated, when questioned by the police officer, that he had purchased the watch and had it in Ms possession. He exhibited it. The sole basis upon which this conviction, rests is that his refusal to give the watch to its owner was motivated by a criminal intent to deprive the oAvner *733 of his watch, or at least to force him to pay ten dollars for its return, coupled with the additional findings that the watch had been stolen from the owner, and that defendant knew that fact when he refused to return it.
When the testimony of the police officer and the owner of the watch, as to the conversations occurring on the night of February 16th are analyzed, confused as this testimony is, it is reasonably certain that, although defendant did at first make the payment to him of ten dollars a prerequisite to the delivery of the watch, he receded from that position and offered to return it to the owner, without charge, if shown a written statement from the jeweler who originally sold the watch to the owner, that the particular watch then in defendant’s possession had been sold to the one then claiming to be the owner of it. In this requirement the police officer and owner acquiesced. Later that same night there was shown to defendant what purported to be a bill of sale of the watch, signed by the seller. It did not give the number of the watch, which would have enabled defendant immediately to identify it. It was described by the OAvner, and in fact, in the indictment, as a “ white gold wrist watch ”. The undisputed testimony of defendant and his expert is that the case of the Avateh in defendant’s possession was not gold, but stainless steel. When defendant insisted upon the number of the watch being given in the so-called bill of sale, he was told that it would be furnished to him. The number of the watch sold, however, was not obtained and given to defendant, as was agreed, but instead, the next day, February 17th, he was arrested on a charge of violation of section 1308 of the Penal Law.
It is evident that he had not withheld the Avateh with any criminal intent. His action in offering to deposit the Avateh with the city court judge when arraigned in that court, and accept his determination, as to his right to withhold it, is significant. We cannot say that, under, the circumstances here shown, a watch misdescribed as to its quality, and claimed to have been stolen by one who Avas a roommate of the OAvner, the defendant’s insistence upon being furnished by the seller of the watch with the number of it so that he could identify it as the one which had been sold to him, was so unreasonable as to warrant a finding that, with a larcenous mind, he refused to give up the watch, either intending to deprive the true OAvner of it, or to force him to pay money for its return. Defendant may have used poor judgment. He may have been entirely wrong in his conception of his legal rights. Still *734 the testimony, we conclude, failed to establish, properly, an essential element of the crime, namely, a criminal intent. For this reason, alone, even though we have determined that this conviction should not stand because of errors in the trial, we conclude that the judgment should be reversed and the indictment dismissed.
All concur, Dowling, J., not voting. Present — Dowling, Harris, McCtjrn, Larkin and Love, JJ.
i Judgment of conviction reversed, on the law and indictment dismissed.