THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL PAT BRADY, Appellant.

First Department, March 25, 1965.

*Samuel Shapiro* for appellant.

*Milton M. Stein* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Defendant was convicted of the crime of criminally concealing and withholding stolen and wrongfully acquired property, as a felony, under section 1308 of the Penal Law. He was sentenced as a second felony offender to a term of 5 to 7½ years in State prison.

This appeal is from the judgment of conviction, as well as from an order denying a motion to suppress evidence of the stolen jewelry, because it was claimed to have been obtained as a result of an illegal search and seizure.

We have concluded that the motion to suppress was properly denied since the stolen jewelry was seized as an incident to a lawful arrest. Moreover, the proof established beyond a reasonable doubt that defendant was guilty of concealing and withholding stolen property.

However, the conviction of defendant must be reversed because of prejudicial error in the refusal of the Trial Judge to instruct the jury that they could find the defendant guilty of a misdemeanor if the jury found that the property in question was worth less than $100. Section 1308 of the Penal Law provides that one who receives, conceals or withholds stolen or wrongfully acquired property " Is guilty of a misdemeanor if such property be of the value of not more than one hundred dollars " and is guilty of a felony if the property " be of a value of more than one hundred dollars ".

The value of the property is thus an element of the crime and the burden to establish that element is on the People. During the course of the trial, defendant's counsel was asked by the court to concede that the value of the jewelry was in excess of $100. That request was refused.

There was evidence in the case strongly indicating that the value of the jewelry was in excess of $100. However, as the court said in *People* v. *Walker* (198 N. Y. 329, 335) : " Moreover, as is frequently the case, if a fact essential to the crime, although not expressly admitted, is undisputed and is treated during the trial by all concerned as established, it would not be reversible error for the court to so charge, unless, and the exception is vital, the defendant should ask to have it submitted to the jury,

and in that event, even in such a case, it would be the duty of the court to submit it accordingly."

. In the instant case defendant's counsel specifically requested the court to charge the jury that the jury might consider finding defendant guilty of a misdemeanor if the jury were to find the property to be worth less than $100. The court refused to do so, stating that in the court's opinion there was no controversy as to the question of value. This was prejudicial error to which defendant's counsel duly excepted.

In *People* v. *Walker* (*supra*, p. 334) it was said: " No matter how conclusive the evidence was in the case before us, and assuming that it was wholly uncontradicted and that the inferences all pointed one way, each of the three fundamental facts was for the jury to pass upon, for if the court could take away one from them it could take away all, and thus direct a verdict, which is never allowed in a criminal case." (See, also, *People* v. *Mussenden*, 308 N. Y. 558, 562–563; *People* v. *Clemente*, 285 App. Div. 258, 264–265, affd. 309 N. Y. 890.)

It is regrettable that the judgment of conviction must be reversed in this case, but the error in refusing to charge the jury as requested is not just a technical one which may be disregarded as not affecting the substantial rights of the defendant. (Code Crim. Pro., § 542.)

The judgment should be reversed on the law, and a new trial ordered.

STEUER, J. (concurring). I agree that *People* v. *Walker* (198 N. Y. 329) mandates the conclusion reached by the court. However, I do not agree with either the logic or the philosophy of the decision, and suggest that the decision made 55 years ago be re-examined.

On this trial no evidence offered by the defendant was excluded. Nor was he subjected to any prejudice. Nor was the law incorrectly explained. No one entertains the slightest doubt as to his guilt and, perforce, there must be accord that, barring a miscarriage of justice, a verdict of guilty of the same crime must be the result of a new trial. It should be axiomatic that a new trial which would only duplicate the results of the first is unnecessary. A new trial should not be ordered merely to provide the opportunity for a result not warranted by the evidence. A rule of law which prescribes such a result must be inherently unsound.

While various pragmatic reasons are given for maintaining the rule — none of which is believed to be sound — mention will be made only of the reason advanced in the *Walker* case. The

theory is that the value of the goods being an element of the crime, it must be passed on by the jury. The opinion concedes that every trial involves countless possible issues. Many of these are not disputed. For instance, in this case defendant did not dispute that he was the person named in the indictment, that he had the jewelry in his possession at the time of arrest, or that he was in the premises where the larceny was committed on the night in question. All of these he might have contested, and the jury would have had to pass on the issues thereby created. Neither did he in his testimony contest the value of the jewelry; in fact, he insisted on its having a value in excess of $100 as a factor in a patently unsuccessful attempt to make a plausible explanation of his possession. However, his counsel demanded that the " issue " go to the jury. The *Walker* opinion concedes that, in the absence of contest, undisputed facts may be deemed established and need not be passed on by the jury, even though essential to the crime (p. 335). No other rule would make sense. But the case makes an exception that, even though the evidence shows no dispute, if the defendant requests that the existence of the fact be submitted to the jury, it must be. This rule either allows the jury to pass on something not in issue or defines as an issue something conceded in the testimony. Just how such a rule protects the innocent is not clear. In reality, there is no issue and the rule that says there is should be re-examined and extirpated.

RABIN, J. P., VALENTE, McNALLY and STALEY, JJ., concur in *Per Curiam* opinion; STEUER, J., concurs in result, in opinion.

Judgment of conviction unanimously reversed and a new trial ordered.