THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW R. VEITCH, Appellant.— Case held, matter of the hearing on the voluntariness of the alleged confession remitted to Oneida County Court for proceedings in accordance with Memorandum. Memorandum: This case was called for trial after the decision in *Jackson* v. *Denno* (378 U. S. 368) and before the decision of the Court of Appeals in *People* v. *Huntley* (15 N Y 2d 72). Therefore the Trial Judge had not the benefit of the *Huntley* decision. The question of voluntariness of an alleged confession was involved. A preliminary hearing on this question was held as mandated in *Jackson* v. *Denno* (*supra*). At this hearing only the testimony of two witnesses for the People was presented. The Trial Judge, in a written decision, decided that "No issue of fact having arisen, these confessions must be viewed merely as questions of law." This, of course, was incorrect, because "The plea of not guilty and the presumption of innocence make the credibility of every witness for the People in a criminal action a question of fact for the jury." (*People* v. *Walker*, 198 N. Y. 329, 334.) Not only was the burden of proof of voluntariness on the People, but the fact of voluntariness had to be established beyond a reasonable doubt. (*People* v. *Huntley*, *supra*, p. 78.) Although there were statements in the Trial Judge's decision which we would ordinarily accept as fact-finding, the misapprehension of the Judge as to the applicable law leaves the matter in a state of confusion which requires clarification. After the preliminary hearing the case was tried and the defendant was fully protected as to the issue of voluntariness which was properly submitted to the jury, and the jury, in rendering a verdict of guilty, decided this issue in the People's favor. We return the case to the County Court solely for a determination of the issue of voluntariness as presented at the preliminary hearing and for an appropriate decision under *People* v. *Huntley*. There need be no rehearing. The decision shall be made upon the testimony presented at the preliminary hearing. The Trial Judge's decision shall contain specific findings of fact and conclusions of law, and if the Judge finds voluntariness he must determine and decide whether it was proved beyond a reasonable doubt. (*People* v. *Huntley*, *supra*, pp. 77, 78.) (Appeal from judgment of Oneida County Court convicting defendant of burglary, third degree, and attempted grand larceny, second

degree.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.