Chief Judge Breitel.
Defendant-appellant was convicted, after a jury trial, on three counts of criminal contempt (former Penal Law, § 600, subd. 6). He was sentenced to a suspended one-year prison term on one count, and a $500 fine on each of the three counts. The Appellate Division affirmed.
Only one issued raised merits discussion, namely, whether the legality and propriety of question's put to defendant as a Grand Jury witness was a question of fact too be submitted as such in the court’s charge to the jury.
There should be an affirmance. Although, under the statute, the crime of contempt by a witness depends upon “ legal and proper ” questions having been put to him, whether .they were legal and proper is a question of law.
The salient facts are briefly stated (for the detailed facts, see People v. Ianniello, 21 N Y 2d 418, 421-422, cert. den. 393 U. S. 827). Defendant, owner of “ two licensed bars and grills ” in midtown Manhattan, was called to testify before the Grand Jury on June 11,1964. The Grand Jury was conducting an extensive *141 investigation of a bribery conspiracy involving police and officials of the State Liquor Authority. Defendant was questioned about several conversations with a friend, Benny Cohen, and one with a police sergeant, concerning an investigation of Cohen. Defendant, after some wrangling with the examining prosecutor over his requests to , see his lawyers, finally testified that he could not recall the conversations. Returning to the GrandjJury on June 18, 1964, defendant professed inability to. remember other alleged conversations.-
Defendant’s purported inability to recall the conversations formed the basis of his indictment on four.counts of criminal contempt. Supreme Court, New York County, dismissed the indictment, on the ground that defendant had been denied his right to counsel when he was refused permission to leave the room to discuss the propriety , of a question with his lawyer. The Appellate Division affirmed, without reaching the counsel issue, on the ground that defendant, as a “target” of the inquiry was immune from prosecution for contempt. This court reversed, and reinstated the indictment, holding that defendant was subject to prosecution for criminal contempt for evasive testimony before the Grand Jury whether or not he was a possible defendant.. It was also held, after detailing a Grand Jury’s witness’ right to counsel, that, in fact, defendant had not been deprived .of any right to consult with his lawyer (People v. Ianniello, 21.N Y 2d 418, 421, 424-425, cert. den. 393 U. S. 827, supra).
At trial, before summation, the court presented to Counsel portions of its proposed charge apparently in an effort to provide the defense with a fair 'opportunity to submit requests. As it did so, the court stated that the Court of Appeals, in the first Ianniello case, had held that the questions asked defendant were legally and properly put. Therefore, the court informed defense counsel, it was going to charge that the legality and propriety of the questions 'had been established as a matter of law. Defense counsel did not, -ait this time,* object to the proposed charge. Shortly thereafter, the court repeated its intention to charge that the questions were legal and proper, as a niatter of law, and defense counsel agreed.
When the court, however, charged the jury Ithat the questions put to defendant were, as a matter of law, legal and proper, *142 defense counsel took exception. After expressing surprise, the court refused to alter its charge.
Defendant was convicted of' three of the four contempt charges, the only counts submitted to the jury. The Appellate Division unanimously affirmed.
On this appeal, defendant contends that the-court erroneously charged that the legality and propriety of the questions put to defendant bad been established as a matter of law by this court’s opinion in. the first appeal. Since whether questions put to a witness are legal and proper is a question of law, it is not necessary to decide whether the trial court correctly determined that it was bound by the court’s reasoning on the prior appeal.
Subdivision 6 of section 600 of the former Penal Law provides that ‘ ‘ Contumacious and unlawful refusal * * * to answer any legal and proper interrogatory ” constitutes criminal contempt (see Penal Law, § 215.51 [“ A person is guilty of criminal contempt in the" first degree * * * when after having been sworn as.a witness, before a grand jury, he refuses to answer any legal and proper interrogatory ”]). To be guilty of contempt the witness need not flatly refuse to answer the questions put to him; false and evasive profession of an inability to recall, which amounts to no answer alt all, is punishable as criminal contempt (see People ex rel. Valenti v. McCloskey, 6 N Y 2d 390, 398, app. dsmd. 361 U. S. 534; Matter of Finkel v. McCook, 247 App. Div. 57, 62, affd. 271 N. Y. 636).
T.he province of the.court is to determine questions of law; the province of the jury is to decide questions of fact (People v. Walker, 198 N. Y. 329, 334-335; see, generally, 9 Wigmore, Evidence, § 2549 et seq.; Richardson, Evidence [10th ed.], § 114 et seq.; Thayer, Preliminary Treatise on Evidence, pp. 183-262). Application ’of this venerable principle, however, is but the ultimate step in the resolution of problems arising out of the. division of functions between Judge and jury. The threshold- inquiry which must be made is, of course, whether a particular issue is sione óf law or fact.
In People v. Walker (supra), this court stated that “ every essential element of a crime presents a question of fact, whether there is any conflict in the evidence or not ” (198 N. Y., at p. 334). Of course, this is an accurate, although not meticulous, statement of the broad rule applicable in criminal cases, because *143 as the court noted in the Walker case, on the criminal side a verdict of guilty may never be directed, and a jury has the power to reject undisputed facts (or nonfactual elements, for that matter) constituting the crime (see, also, People v. Mussenden, 308 N. Y. 558, 563). Nevertheless, the rule may not be parroted or applied simplistically, as the ensuing discussion will endeavor to show.
Certain offenses, grouped under the general statutory headings of “ perjury ” and “ other offenses relating to judicial and other proceedings ”, contain an element involving materiality, legality or propriety (Penal Law, -§§ 210.10 [perjury in the second degree] ; 210.15 [perjury in the first degree]; 210.40 [making an apparently swiorn false 'Statement in the first degree]; 215.50 [criminal contempt in the second degree]; 215.51 [criminal contempt in the first degree]; 215.60 [criminal contempt of the Legislature]; see People v. Teal, 196 N. Y. 372, 376; People ex rel. Hegeman v. Corrigan, 195 N. Y. 1, 9; People v. Sharp, 107 N. Y. 427, 456; Wood v. People, 59 N. Y. 117, 121-122; Tuttle v. People, 36 N. Y. 431, 435; see, generally, Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 210.15, pp. 696-699; 1939 Report of N. Y. Law Rev. Comm., p. 301, N. Y. Legis. Doc., 1939, No. 65 [G]; 1935 Report of N. Y. Law Rev. Comm., p. 227, N. Y. Legis. Doc., 1935, No. 60 [F]). In each of these instances, the statute requires either that false statements made by a witness be “ material to the action, proceeding or matter involved ”, or that questions put to a witness be “ legal and proper ” or “ material and proper ”. Thus, applying the general rule, if materiality or legality and propriety raise questions of fact, they must be charged as such to the jury; if they raise questions of law, they are for the court to resolve.
In considering the issue, because of the close analogy, it is appropriate to discuss the rules applicable to materiality as an element in the crime of perjury (cf. Cal. Penal Code, § 166, subd. 6 [questions put to witness must be “ material ” to support criminal contempt charge]).
In People ex rel. Hegeman v. Corrigan (195 N. Y. 1, 9, supra) it was held long ago that “ whether in a prosecution for perjury the testimony, the falsity of which is charged, is material or not is a question of law for the court [citations omitted].” *144 However, a 1935 statutory revision split perjury into a Itwodegree crime, the degree depending upon whether the false testimony was related to a material matter. Thereafter, despite the clear ruling of this court in the Hegeman case (supra), and overwhelming contemporary authority to the contrary, it was held that materiality is a question of fact for the jury to decide (People v. Clemente, 285 App. Div. 258, 262, affd. no opn. 309 N. Y. 890).
The New York oases, perforce, continue to follow the Clemente rule (see, e.g., People v. Dunleavy, 41 A D 2d 717, affd. 33 N Y 2d 573; People v. Perna, 20 A D 2d 323, 326-327; People v. Dodge, 12 A D 2d 353, 360; cf. Temporary State Comm. on Revision of the Penal Law and Criminal Code, Comm. Staff Notes, pp. 374-375 [no treatment of the issue]). In other jurisdictions, this is the accepted rule only in Georgia and Louisiana (see Cox v. State, 13 Ga. App. 687; State v. Spencer, 45 La. Ann. 1, 11-12; see, also, Lillich, The Element of Materiality in the Federal Crime of Perjury, 35 Ind. L. Rev. 1, 9-14, in support of the Clemente rule). The remaining jurisdictions which have considered the issue hold that materiality is a question of law to he decided by the court (see, e.g., United States v. Jones, 374 F. 2d 414, 419, cert. den. 389 U. S. 835; United States v. Siegel, 263 F. 2d 530, 533 [Hand, J.], cert. den. 359 U. S. 1012; People v. Pierce, 66 Cal. 2d 53, 61; Wilkinson v. State, 226 Ill. 135,147; Wolfe v. State, 271 So. 2d 132, 133 [Fla.]; State v. Deets, 195 N. W. 2d 118,122 [Iowa]; Brewer v. State, 233 So. 2d 779, 781-782 [Miss.]; see, generally, Perjury — Materiality — Fact or Law, Ann., 62 ALR 2d 1027-1036; A.L.I., Model Penal Code, Proposed Official Draft, § 241.1, subd. [2]; Model Penal Code [T.D. No. 6], Commentary to § 208.20, pp. 113-115).
The New York rule as to perjury should not be applied to other crimes, however close the analogy. Cases involving criminal contempt and not perjury, which have considered whether the legality and propriety of interrogations put to a witness before a Grand Jury constitutes a question of law or fact, have understandably relied upon reasoning similar to the perjury rationale of Clemente to hold that it is a question of fact for the jury. They are, however, not persuasive to justify applying the Clemente rationale to contempt oases (see People v. McAdoo, 45 Misc 2d 664, 668, affd. 51 Misc 2d 263, cert. den. *145 386 U. S. 1031; People v. Amarante, 100 N. Y. S. 2d 677, 679, 681).
Moreover, analysis of the terms used in the contempt statute supports the view that the legality and propriety of . questions asked of a witness is a question of law. Indeed, the statutory use. of the word “ legal ” makes particularly incongruous and self-contradictory a treatment of the standard as one of fact. In People v. Ianniello (21 N Y 2d 418, cert. den. 393 U. S. .827, supra), " proper ” questions were described as those pertinent and relevant to the scope of the Grand Jury’s investigation (p. 426). “ Legal ” questions are those which are “ proper ”, and which do not contravene any testimonial privilege of the witness or his privilege against self incrimination (see pp. 424-425; see, also, Matter of Barnes, 204 N. Y. 108, 125; People v. McAdoo, 45 Misc. 2d 664, 667, affd. 51 Misc 2d 263, cert. den. 386 U. S. 1031, supra). “ Legal ” could also refer to questions concededly not based upon tainting illegal sources (see, e.g., U. S. Code, tit. 18, § 2515; People v. Einhorn, 35 N Y 2d 948). Thus, it is inescapable from the foregoing logical and legal distinctions that whether a question is “ legal and proper ” is particularly a “ law question ” for a court within ijs scope and upon which it has a duty to charge the jury (see Sinclair v. United States, 279 U. S. 263, 298).
The language in the Sinclair, (p. 298) case is particularly useful. There it was saicj in discussing contempt: " The question of pertinency * * * was rightly decided by the court as one of law. It did not depend upon the probative value of evidence. That question may be likened to those concerning relevancy at the trial of issues in court, and it is not essentially different from the question as to materiality of false testimony charged as perjury in prosecutions for that crime. .XJpojYt reasons so well known that their repetition is unnecessary it is uniformly held that relevancy is a question of law. Greenleáf on Evidence (13th ed.) § 49. Wigmore on Evidence, §§ 2549, 2550.. And the materiality "of what, is" falsely sworn, when an element in the crime of perjury is one for the court. Carroll v. United States, 16 F. (2d) 948, 950. United States v. Singleton, 54 Fed. 488. Cothran v. State, 39 Miss. 541, 547.”
Although as a question of law the trial court determines the legality and propriety of questions put to a witness charged *146 with contempt, it should charge the jury on that Element as it does on any other question of law. True, the jury may refuse to return a verdict of guilty, even perversely, as it may in any criminal case, even where all the facts and the law are undisputed (see People v. Walker, 198 N. Y. 329, 335, supra). This does not mean, however, that the jury should be charged that it is free to disregard' the court’s instruction on this question of law, anymore than on any other question of law.
Of course, where a jury for constitutional reasons is given the ultimate power to decide a question of law, the law explicitly so provides (see N. Y. Const., art. I, § 8; former Code Crim. Pro., § 418; People v. Sherlock, 166 N. Y. 180,184).
The only reason for difficulty in the past has been an inadequate analysis. It was assumed, illogically, on ah overreading of the Walker case (supra), it is suggested, that because the jury has the final say in a criminal case before guilt may be found, a question of law must be tortured into being characterized as á question of fact and submitted to the jury as if it were, what it is not, a question of fact.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.