■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT P. AMOROSO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 23, 1970, convicting him of burglary in the third degree, upon a jury verdict, and sentencing him to an indeterminate prison term with a maximum of five years. Judgment reversed, on the law and in the interests of justice, and new trial ordered. The findings of fact below have not been considered. In our opinion, the interests of justice require a new trial. Prejudicial error occurred in the course of the charge to the jury by the learned Trial Justice's remarks that "whatever happened here is a typical example of burglary" and that "this defendant was seen in possession of the television" claimed to have been taken from the complainant's home. Such statements concerning material facts in issue invaded the province of the jury (*McKenna* v. *People,* 81 N. Y. 360; *People* v. *Kohn,* 251 N. Y. 375), even if the court in other portions of the charge left the resolution of disputed questions of fact to the jury (*People* v. *Stewart,* 25 A D 2d 483). Where, as at bar, the balance and weight of evidence were in sharp conflict, it is likely that the stated opinion of the Trial Judge on facts in issue "or even the suggestion of an opinion might be seized upon by the jury and eventually prove decisive" (*People* v. *Mendes,* 3 N Y 2d 120, 121; *People* v. *Schatz,* 37 A D 2d 584, 585). Where, as here, reversal is mandated by the interests of justice, defendant's failure to take exceptions to the court's charge or to request a further charge or clarification presents no impediment to reversal by an appellate court (*People* v. *Kelly,* 12 N Y 2d 248; *People* v. *Jones,* 32 A D 2d 1069). Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE BLAKLEY, JR., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered on May 5, 1969, convicting him of assault in the second degree upon two counts, on his guilty plea, and sentencing him on each count to a concurrent term of two and one-half to five years. Judgment modified, in the interests of justice, by reducing both sentences to the time served. As so modified, judgment affirmed. In our opinion the sentences were excessive to the extent indicated herein. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTHA LEE FARRIOR, Appellant.— Judgment of the Supreme Court, Queens County, rendered February 28, 1969, affirmed. The sentence was neither harsh nor excessive and was amply justified by the record. Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.