### (July 29, 1976)

■ The People of the State of New York, Respondent, v Glendale Brandow, Appellant.—Appeal from a judgment of the County Court of Columbia County, rendered March 4, 1974, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. The conviction of defendant arose out of the alleged sale of heroin by defendant to Investigator Keillor of the New York State Police. Defend-

ant and Keillor were allegedly brought together by one Szabo, an informer. At trial, Keillor testified as to his direct dealings with defendant. Defendant's first contention on appeal is that the People had an obligation to produce Szabo as a witness at the trial. The record shows, however, that the People's case was established without Szabo's testimony, that Szabo was known by defendant to have been then incarcerated in the county jail, and it was agreed that defendant could have Szabo produced if he felt Szabo's testimony was required for his case. This is not a case where the defense is hampered by lack of knowledge as to the identity and/or whereabouts of an informant where there is a close question on the issue of the perpetrator's identity (see *People v Goggins,* 34 NY2d 163, cert den 419 US 1012; *People v Law,* 48 AD2d 228), and, therefore, defendant's contention must be rejected. We have examined defendant's remaining contentions and find them to be without merit because not properly preserved for review, and, in any event, the alleged errors were harmless. Judgment affirmed. Koreman, P. J., Greenblott, Mahoney, Herlihy and Reynolds, JJ., concur.