OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The principal contention now advanced as requiring a. re versal of defendant’s conviction is that it was error to have denied defendant’s motions to suppress the piece of bloodstained glass seized by the police from his station wagon— asserted to be the one direct piece of evidence linking him to the scene of the crime. It was not error to have denied that portion of the pretrial omnibus motion which sought suppression inasmuch as that application was explicitly predicated on the theory that the seizure had been made pursuant to an invalid search warrant. In fact the seizure had been made some six hours prior to the execution of the challenged warrant and had been in no way related to that warrant or dependent on it.
Nor can it be concluded that it was error to have denied as untimely the subsequent midtrial motion to suppress which was focused on the asserted illegality of the prior warrantless search of the station wagon. The trial court relied on the fact that attached to the pretrial motion papers had been the affidavit of the police officer on which the search warrant had been based. The affidavit revealed that the broken glass had been found by the police on the earlier search of defendant’s station wagon. Hence, the court concluded that "at the time of the said omnibus motion and prior to trial defendant was aware that a search had been made of his motor vehicle” and that accordingly he could not claim "previous unawareness” of the facts to justify granting the deferred midtrial motion.
We have examined defendant’s other contentions and conclude that the errors asserted either were not preserved for our review or are without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.