■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND MARTIN, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County (Leahy, J.), both rendered October 27, 1982, the first convicting him of robbery in the first degree, criminal use of a firearm in the

first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and the second convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment rendered on the jury verdict reversed, on the law, and new trial ordered. The facts have been considered and are determined to be established.

Judgment rendered on the plea of guilty reversed, on the law, and matter remitted to the Supreme Court, Queens County, to afford defendant an opportunity to withdraw his plea.

At about midnight on March 19, 1981, while discharging a passenger at Booth Memorial Hospital, car service driver Richard Matthews received a radio call to pick up another passenger at that same location. In response to that call, Matthews accepted as passengers two persons whom he later identified as defendant Martin and his codefendant Ellis. Once in the car, Ellis gave Matthews directions which brought them to 99th Avenue and 193rd Street in Queens, a desolate area of abandoned buildings near an elevated train track. At that point, defendant pulled out a gun and forced Matthews to stop the car. Then, holding a gun to his head, the two passengers robbed Matthews of approximately $50 in fares and his car keys, ordered him to lie face down on the front seat of the car, and fled.

About 15 or 30 seconds after hearing the rear doors slam shut, Matthews looked up over the dashboard and saw defendant and Ellis enter a yellow or a light-colored Maverick automobile which was driven off by a third person down 193rd Street.

Matthews flagged down an approaching patrol car and told the police that he had just been robbed and that the robbers had left the scene in the Maverick. The police took Matthews with them and proceeded south on 193rd Street, in the same direction in which the perpetrators had fled. According to police testimony, there was no car in sight at the time they picked up Matthews; only after they left 193rd Street and turned onto 104th Avenue did the police see tail lights about a block and a half away. The police called for assistance and pulled the car over, a yellow Mustang or Maverick. Defendant Martin and his codefendant were taken out of the car and were arrested, following Matthews' identification, at 203rd Street and 104th Avenue. A gun was found on codefendant Ellis, but Matthews' car keys were never found despite a search of the scene of the robbery and the area of the chase.

Defendant did not testify and presented no witnesses. On summation, his counsel argued that a reasonable doubt existed, raising as an issue, among other things, that the jury should consider whether the police stopped the right car, or merely the first moving car that they encountered.

The trial court thereafter charged, in pertinent part, as follows:

"in determining the question of defendant Martin's intent * * * in determining the question whether the defendant Martin acted knowingly, look to all of the evidence in the case in the individual conduct * * * Martin's conduct back on March the 19th, March the 20th at around midnight on those dates in the location of 99th Avenue and 193rd Street and also at 89th Avenue and 193rd Street—strike that. At the location where they were taken into custody on 104th Avenue.

"Now, whenever you may be convinced jurors beyond a reasonable doubt * * * what the defendant Martin did at that time at both of those locations, you'll decide what if any inferences are just under all circumstances of this joint trial * * * whether the defendant Martin acted with intent, whether the defendant acted knowingly at that time and at that location or locations."

Defendant's attorney specifically objected to the above charge on the ground that it prejudiced defendant by placing him at the scene of the robbery—99th Avenue and 193rd Street—while defendant's presence there was one of the issues of fact raised by the case. We agree, and find that the charge was error mandating reversal.

Defendant was arrested several blocks away from the scene of the crime, and by his plea of not guilty denied any participation in the robbery. Thus, whether defendant was present at the scene of the robbery was a clear question of fact, the resolution of which was solely within the province of the jury. The court's charge, however, plainly stated that defendant *was* present at the scene of the crime at the time of the robbery, and further, the court specifically instructed the jury that it could consider defendant's actions at the crime scene in determining his intent. In so charging, the court improperly invaded the province of the jury, and removed from its consideration an essential question of fact. Such statements concerning material facts in issue are improper, even if the charge otherwise correctly leaves to the jury the resolution of disputed facts (see, e.g., People v Walker, 198 NY 329; People v Weiss, 290 NY 160, 176; People v Amoroso, 38 AD2d 563;

*People v Cuvilje,* 66 AD2d 761). This is particularly true where, as here, to find that defendant was present at the scene of the crime is to find that he committed the crimes charged.

Following his conviction of the above crimes at trial, defendant pleaded guilty to one count of robbery in the second degree, which had been charged in a separate indictment. At that time, defendant was promised, as an inducement to plead guilty, that he would be given a sentence of 3 to 9 years, to run concurrently with the sentence to be imposed upon the crimes for which he was convicted after trial. In light of our reversal of the latter conviction, defendant must be given the opportunity to withdraw his plea, as the promise of concurrent sentences cannot presently be kept *(see, People v Clark,* 45 NY2d 432, 440; *cf. People v Lowrance,* 41 NY2d 303).

We have considered defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.