■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRYSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 12, 1984, convicting him of criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction of criminal possession of stolen property in the first degree and vacating the sentence imposed thereon. As so modified, judgment affirmed, and case remitted to the Supreme Court, Queens County, for a new trial on the charge of criminal possession of stolen property in the first degree.

In the instant case, the defendant was charged, *inter alia,* with criminal possession of stolen property in the first degree, following an incident which occurred on April 4, 1983, when he was stopped for a traffic infraction while operating a white, 1982 Chrysler New Yorker. The defendant could produce no registration for the vehicle, but told the officers who had stopped him that he had been given the car by a friend who worked in a gas station. Nevertheless, the defendant refused to reveal either the name of the friend or the name of the gas station, stating that he did not want to get his friend "in trouble". At the time of the stop, the automobile was in

excellent condition, and was being operated with an ignition key.

Proof that the property in question is stolen is an essential element of the crime of criminal possession of stolen property in the first degree *(see,* Penal Law § 165.50; *People v Corsetti,* 10 AD2d 685; *People v Matthews,* 6 AD2d 786). At no time during the trial did the defendant concede that the white Chrysler in which he had been found was stolen, and the trial was certainly not conducted under the assumption that such a concession as to that element of the crime had been made *(see, People v Matthews, supra);* to the contrary, the People presented evidence in an attempt to establish that element. Nevertheless, the trial court, in response to an objection made during the People's summation, informed the jury that the vehicle in question was, in fact, a stolen car: "The fact that the car being stolen is not before this Court except to the fact that one of the items that I will talk to you about one of the precepts or one of the caveats or one of the articles that constitute the crime or refer to a stolen automobile. *We know it was a stolen automobile,* how it came about, how [he] did it, nobody knows. It's not [in] the case. Go ahead" (emphasis supplied).

Following summation, defense counsel called the court's attention to the above remarks, and the court agreed to give a curative instruction. However, no specific curative instruction was given, although the court charged the jury, in general terms, that it was not to consider any comments made by it as indicative of its opinion of the case. The court further charged the jury, *inter alia,* that the People had the burden of proving each and every element of the crime of criminal possession of stolen property in the first degree, including that the white Chrysler was stolen property. The defendant took exception to the absence of a specific curative instruction.

On appeal, the People concede that the trial court's statement to the jury that the automobile was stolen was erroneous, but urge that such error was harmless. We disagree.

Statements concerning material facts in issue invade the province of the jury and are improper, even if the charge, as here, correctly leaves to the jury the resolution of disputed facts *(see, e.g., People v Walker,* 198 NY 329; *People v Weiss,* 290 NY 160, 176; *People v Amoroso,* 38 AD2d 563; *People v Martin,* 115 AD2d 565). Here the court plainly told the jury that the automobile in question was stolen, and implied that all of the participants in the trial knew and acknowledged

that such was the case. The prejudicial impression created by these comments was never corrected by the trial court, nor was it alleviated by the general instruction on the elements of the crime. Under these circumstances, it cannot be said that the error was harmless, and a new trial is necessary on the count of the indictment charging criminal possession of stolen property in the first degree. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.