■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN MENDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered November 21, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the complainant was being robbed at knifepoint, a witness approached to help him. Although they did not know the defendant, the complainant and the witness provided detailed descriptions which matched the defendant's appearance at the time of his arrest. Another witness, who was standing nearby, informed the complainant and the first witness that he knew

the perpetrator and that his name was Benny. This second witness, who was incarcerated on another charge at the time of trial of this matter, was not called to testify by the prosecution, prompting a request from the defense counsel for a missing witness charge.

We agree with the trial court that the second witness was not under the control of the prosecution since it cannot be said that "the [second] witness, by nature of his status or otherwise, would * * * be expected to testify favorably to one party and adversely to the other" *(People v Gonzalez,* 68 NY2d 424, 429). Although the defendant testified to his hostile relationship with the second witness, the record fails to reveal any predilection on the part of that witness to testify favorably to the prosecution. In *Gonzalez (supra,* at 429), the Court of Appeals defined control as not concerning "physical availability but rather the relationship between the witness and the parties * * * [I]f a witness, although theoretically 'available' to both sides, is favorable to or under the influence of one party and hostile to the other, the witness is said to be in the 'control' of the party to whom he is favorably disposed, and an unfavorable inference may be drawn from the failure to call the witness" *(People v Brown,* 34 NY2d 658). There is no indication that the witness in question, although "available" to both sides, was favorable to or under the influence of one party and hostile to the other.

While it would have been appropriate to allow defense counsel to comment in his summation upon the prosecution's failure to produce the second witness at trial *(see, Seligson, Morris & Neuburger v Fairbanks Whitney Corp.,* 22 AD2d 625, 630), in view of the overwhelming nature of the evidence, any error in precluding such comment was harmless.

Nor was the defendant denied a fair trial by the trial court's refusal to allow him to approach the jury box to display his tattooed hands to the jury. The defendant took the witness stand in full view of the jury. Moreover, the defense counsel was permitted to describe the defendant's hands in detail for the jury *(cf., People v Shields,* 81 AD2d 870). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.