■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLETIS HOGUE, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 12, 1985, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the third degree and criminal possession of stolen property in the second degree.

At approximately 5:30 P.M. on January 12, 1985, a jewelry store located in the City of Albany was burglarized. As a result, defendant was indicted for the crimes of burglary in the third degree, grand larceny in the third degree and

criminal possession of stolen property in the second degree. The facts surrounding the burglary are as follows. Officer Edward Conroy was the first to arrive at the scene. Upon his arrival, he heard the store's outside alarm ringing and noticed that the metal screen and glass of the front door were broken. He surveyed the inside of the store very briefly with his flashlight but did not see anyone. A few minutes later, Officers Harry Nopper and Harold Warner also arrived. All 3 officers testified at defendant's trial that after the latter 2 officers arrived, defendant came running out of the jewelry store and literally ran into Conroy, yelling that there was a dead body inside. Nopper handcuffed defendant while Conroy and Warner went into the store to investigate. They found no one inside and no rear exits. Once the officers were again outside, Nopper showed Conroy some jewelry he had found on defendant while conducting a pat-down search of defendant. Defendant's version of the events was quite different. He testified that as he was walking down the street where the jewelry store was located, he heard the alarm ringing and, as a result, looked inside. At that point, the police arrived and immediately arrested him. Defendant testified that he was never in the store and that no jewelry was ever in his possession. The jury found defendant guilty as charged and the instant appeal ensued.

The conviction must be reversed and a new trial granted. In its charge to the jury, County Court set forth the law applicable to criminal possession of stolen property. However, the court also stated: "I remind you that the proof shows that the defendant was found in possession of the property allegedly stolen in the burglary shortly after the alleged commission of such crime." Throughout the trial, defendant consistently claimed that he never possessed the jewelry. This was in direct contradiction to the officers' testimony that the jewelry was found on defendant. Thus, an issue of fact was presented for the jury to decide and defendant was entitled to have his version submitted to the jury under proper instruction in light of all the evidence (see, People v Baskerville, 60 NY2d 374, 384). County Court improperly usurped the role of the jury by deciding the factual question of possession.

Additionally, although it was proper for County Court to charge that defendant was an interested witness, it should then also have indicated that the prosecution's witnesses might be interested witnesses (see, People v Suarez, 125 AD2d 350, lv denied 69 NY2d 750). By not balancing its charge on

this point, the court thus committed error *(see, People v Astol,* 118 AD2d 578; *People v Brabham,* 77 AD2d 626).

Finally, with respect to defendant's remaining contentions, upon our review of the record we find them lacking in merit.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.