■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SYKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 24, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 20, 1986, at approximately 2:30 P.M., the defendant, accompanied by Edwin Colon and another, accosted Glen Peters and his companion, David Paul Gibson, pointed a gun at Mr. Peters' ribs, and stole $700 from him. Peters and his companion followed their assailants at a distance and, after losing sight of them for several minutes, finally identified them to two New York City Housing Police Officers approximately 20 minutes later.

On appeal, the defendant contends that the trial court improperly refused to give a missing witness charge concerning the complainant's companion, Gibson, who was not called to testify; that the court prejudicially interfered with the prosecution's examination of witnesses; that the prosecutor vouched for the complainant's credibility during summation; and that his sentence was excessive.

The defendant's contentions are without merit.

The party seeking a missing witness charge has the burden of establishing prima facie, *inter alia,* that an uncalled witness is knowledgeable about a pending material issue and that such witness would be expected to testify favorably to the opposing party *(People v Gonzalez,* 68 NY2d 424). In the instant case, the record fails to reveal any predilection on the

part of Gibson—who was merely an acquaintance of the complainant, and who was awaiting sentencing on two unrelated felonies at the time of the instant trial—to testify favorably to the prosecution *(People v Mendez,* 138 AD2d 637, *lv denied* 71 NY2d 1030). Nor was Gibson's testimony rendered crucial because of the doubtful character of the complainant's identification testimony or because the latter's credibility had been successfully impeached on cross-examination *(see, People v Paulin,* 70 NY2d 685). Rather, the record shows that the People's case was firmly established without Gibson's testimony *(People v Brandow,* 53 AD2d 998). In addition, the court permitted the defense counsel to argue on summation that the jury could infer that Gibson's testimony would have been damaging to the prosecutor's case *(People v Mendez,* 138 AD2d 637, *supra).*

The defendant's counsel never objected to the trial court's alleged interference with the questioning of witnesses, with the result that the matter is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Charleston,* 56 NY2d 886). In any event, the record indicates that the trial court questioned witnesses only intermittently, and then merely to clarify confusing testimony, to develop significant factual information, and/or to expedite the trial *(People v De Jesus,* 42 NY2d 519). We note that the prosecutor's remarks to the effect that a review of the evidence disclosed no motive for the complainant to have falsely accused the defendant did not constitute improper vouching, but rather were a fair response to the defense counsel's arguments during summation that the complainant's account of the robbery was inherently incredible, and that Peters had made up his testimony *(People v Ashwal,* 39 NY2d 105; *People v Clark,* 132 AD2d 704).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.