■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LUPERENA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered October 23, 1987, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in Queens County indictment No. 3347/87 with five crimes: burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the fourth degree (Penal Law § 145.00), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), petit larceny (Penal Law § 155.25) and possession of burglar's tools (Penal Law § 140.35). Those counts of the indictment which charged the defendant with petit larceny and criminal possession of stolen property in the fifth degree were premised on his alleged theft and continued illegal possession of a shopping cart, various electronic components recovered from the shopping cart (which were identified and introduced as evidence at the trial), and a sum of United States currency. This property was allegedly stolen from the apartment of the complaining witness, Annette Morales.

The jury's verdict of guilty on all counts of the indictment is amply supported by the evidence. Jose Arroyo, a friend of the

complaining witness, testified that on May 6, 1987, at approximately 11:00 A.M., he observed an Hispanic male who, while leaving Ms. Morales' apartment building, was pulling a loaded shopping cart covered by a colorful sheet. After discovering that Ms. Morales' apartment had been burglarized, Mr. Arroyo enlisted the help of her brother, Frank Morales, and set off in pursuit of the suspected burglar. After a brief drive around the neighborhood, Mr. Arroyo saw the defendant, whom he had observed at Ms. Morales' apartment building and who was still pushing the shopping cart. Frank Morales, who recognized the multicolored sheet as one belonging to his sister, got out of the car and ordered the defendant to stop. The ensuing altercation was interrupted by the arrival of the police. The defendant was arrested and, at his trial, was identified both by Mr. Arroyo and by Mr. Morales.

The defendant took the stand in his own defense and testified that he neither stole nor possessed the items which were contained in the shopping cart. He testified that, on the day in question, he encountered an unidentified man who appeared to be selling merchandise from a shopping cart, that he purchased a "Walkman" from this unknown man, and that, as he stood by contemplating further purchases, he was attacked by Mr. Morales and Mr. Arroyo. He claims that he was then falsely accused of having stolen this property.

The "Walkman", an Embassy cassette radio which was attached to the defendant's waistband, was seized from the defendant immediately before his arrest, along with burglar's tools consisting of two screwdrivers and two plastic cards. Although this "Walkman" was among the property stolen from Ms. Arroyo, its theft was not mentioned either in the indictment or in the trial court's charge to the jury.

The defendant's first argument on appeal is that the court erred when, at two points during the charge to the jury, it stated that the "proof" adduced at trial established that the defendant had in fact possessed the property alleged to have been stolen. We conclude that any issue of law with respect to this claim of error has not been preserved for appellate review *(cf., People v Lewis,* 64 NY2d 1031, 1032). The trial court acknowledged the error in its charge and, upon the defense counsel's application, issued curative instructions. Although these curative instructions were themselves poorly phrased, the defense counsel did not "[make] an application seeking further or more complete instructions" *(People v Santiago,* 52 NY2d 865, 866). Under these circumstances, the defendant has forfeited his right to appellate review, as a matter of law, of

any claim that the court's curative instructions were inadequate *(see, People v Santiago, supra; see also, People v Guy,* 121 AD2d 741, 742; *People v Jalah,* 107 AD2d 762; *People v Cuevas,* 99 AD2d 553). The defense counsel's repetition of a generalized objection to the court's charge concerning the inference which may be drawn from proof of the defendant's recent and exclusive possession of stolen property did not sufficiently alert the court to any alleged deficiency in those curative instructions *(see, People v Balls,* 69 NY2d 641, 642; *cf., People v Bryson,* 118 AD2d 791).

Further, reversal in the interest of justice is not warranted *(cf., People v Romaine,* 128 AD2d 561, 562). We note that, while this statement that the "proof" adduced at trial established that the defendant had in fact possessed the property alleged to have been stolen accurately summarizes the testimony of the prosecution's witnesses, who testified that the defendant was in actual possession of the stolen property, it directly contradicts the defendant's claim that he was never in possession either of the shopping cart or of the stolen property which was recovered from it. This aspect of the jury charge was clearly erroneous in light of the general rule that "every essential element of a crime presents a question of fact, whether there is any conflict in the evidence or not" *(People v Walker,* 198 NY 329, 334, quoted in *People v Ianniello,* 36 NY2d 137, 142; *see also, People v Hogue,* 139 AD2d 835, 836; *People v Bryson,* 118 AD2d 791, 792, *supra; People v Martin,* 115 AD2d 565, 567-568). Far from being "spurious" or "vacuous", as argued by the People, the defendant's contention that it was error to charge the jury that the defendant had in fact possessed stolen property is clearly a meritorious one *(see, People v Hogue, supra; People v Bryson, supra).*

However, the potential effect of this error was offset not so much by the curative charge as by other aspects of the court's instructions with respect to the ·doctrine of recent and exclusive possession. The court clearly instructed the jury to reject any inference of guilt based solely on the defendant's alleged exclusive possession of recently stolen property unless they found that his explanation of his possession of that property unbelievable. The court, at a different point in its charge, emphasized that the inference of guilt was available only if the jury was itself satisfied, beyond a reasonable doubt, that the prosecution had proved that the defendant in fact possessed the property in question. The jury's essential role as a fact finder was repeatedly stressed. Considering the charge as a whole, and considering the weight of the evidence of guilt,

we conclude that the jury's verdict was not affected by the erroneous portions of the court's charge, and that any error in this respect was harmless *(see, People v Crimmins,* 36 NY2d 230; *cf., People v Bryson, supra).*

The defendant's second argument is that he was entitled to a hearing with respect to what he now claims amounted to an oral motion, made at the time of trial, to suppress certain evidence, including the "Walkman" and the burglar's tools which were seized from him immediately before his arrest. For several reasons we disagree with this contention.

Pursuant to the Criminal Procedure Law, motions to suppress "tangible property obtained by means of an unlawful search and seizure" (CPL 710.20 [1]) should generally be made "in writing and upon reasonable notice to the people" (CPL 710.60 [1]), within 45 days after arraignment (CPL 710.40 [1]; 255.20 [1]). The court may permit a defendant to renew a pretrial motion to suppress physical evidence when it appears that "pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before" (CPL 710.40 [4]; *People v Turner,* 49 NY2d 925, 927).

It is not clear whether a written motion to suppress evidence was ever made by the defendant in this case. (No such motion is contained in the record filed with this court.) The defendant asserts that his attorney requested a *Mapp* hearing during the course of a pretrial conference. In a written order dated August 20, 1987, the Judge who presided at this conference denied the defendant's application for a *Mapp* hearing "With leave to resubmit *on papers* indicating a lack of probable cause" (emphasis added). However, this order also contained a provision which purportedly authorized the defendant to "move [the] court to amend [its] order, orally or in writing * * * in the event additional facts [were] discovered". The defendant claims that, pursuant to the latter provision of the order dated August 20, 1987, he was entitled to make an oral motion for a *Mapp* hearing during trial.

However, the offhand remark made by the defendant's trial attorney during colloquy, to the effect that an "interesting question of whether or not there was an illegal search" had arisen, simply does not constitute an oral motion to suppress evidence, and that the comments made by the court in response to counsel's remark cannot be considered the denial of any such "motion". Further, neither the Criminal Procedure Law nor the terms of the order dated August 20, 1987, as we interpret it, authorizes the entertaining of such an oral mo-

tion in the absence of some proof that the facts upon which it is based could not, with reasonable diligence, have been discovered earlier *(see,* CPL 710.40 [4]; *People v Turner, supra).* Trial counsel did not expressly assert that he had not learned of the facts surrounding his client's detention and subsequent arrest until the time of trial, and any such assertion would necessitate the conclusion that he had never spoken to his client. In other words, the record on direct appeal contains no competent proof that the defendant's trial attorney learned for the first time during the trial of a basis for suppression which could not have been discovered prior to the trial.

Turning to the merits, we recognize that the trial record ordinarily should not be considered in passing upon suppression issues *(see, e.g., People v Gonzalez,* 55 NY2d 720, 722). However, we find no basis in the record for granting the defendant a belated *Mapp* hearing in the interest of justice.

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Eiber, Bracken and Balletta, JJ., concur.