■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MILES, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered April 22, 1988, convicting him of robbery in the second degree and grand larceny in the third degree under indictment No. 4117/86, upon a jury verdict, and imposing sentence, and (2), as limited by his brief, from a sentence of the same court, also imposed April 22, 1988, upon his conviction of assault in the first degree under indictment No. 3283/86, upon his plea of guilty.

Ordered that the judgment and sentence are affirmed.

The defendant argues that the trial court erred in refusing to grant his request for a missing witness charge regarding the prosecutor's failure to call as a witness a friend of the complainant who was present during the robbery. We disagree. The trial court properly concluded that this witness was not under the control of the prosecution since there was no indication that although available to both sides, the wit-

ness was favorable to or under the influence of one party and hostile to the other *(see, People v Gonzalez,* 68 NY2d 424). While the witness may have been a one-time friend of the complainant, the record fails to reveal any predilection on the part of the witness to testify favorably to the prosecution *(see, People v Sykes,* 151 AD2d 523; *People v Bessard,* 148 AD2d 49; *People v Mendez,* 138 AD2d 637).

We note that on appeal, as limited by his brief, the defendant does not seek a vacatur of his guilty plea under indictment No. 3283/86; rather, he contends only that the sentence was excessive. However, under the circumstances of this case, we see no reason to disturb the sentence imposed by the court under this indictment or under indictment No. 4117/86 *(see, People v Suitte,* 90 AD2d 80; *People v Roman,* 84 AD2d 851). Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.