■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FARROW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 12, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not commit reversible error by denying his request for a missing witness charge. The People cannot raise the issue of the untimeliness of the defendant's request for the first time on appeal *(People v Erts,* 73 NY2d 872, 874; *People v Brown,* 183 AD2d 569). It is well-settled that a defendant requesting a missing witness charge has the initial burden of demonstrating that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case, and that the uncalled witness would naturally be expected to provide testimony favorable to the prosecution *(see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424, 427). While the defendant can adequately establish that the missing witness, who was present during the entire incident in question, was knowledgeable about a material issue in the case *(see, People v Gonzalez, supra),* he has failed to demonstrate that the witness would have testified favorably to the prosecution. Indeed,

in light of the complainant's testimony that the witness, who was then imprisoned to the best of the complainant's knowledge, was merely a neighborhood acquaintance who was reluctant to come forward on behalf of the complainant and who was also acquainted with the defendant, and the defense counsel's attempt to portray the incident as the result of drug-related activity rather than a robbery, "the record fails to reveal any predilection on the part of the witness to testify favorably to the prosecution" *(People v Miles,* 161 AD2d 805, 806; *see, People v Sykes,* 151 AD2d 523, 524).

Finally, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.