■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v P. KITSHEN DIAS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHIL AZIZ, Also Known as BOBBY AZIZ, Appellant. [602 NYS2d 353] —Judgment, Supreme Court, New York County (Franklin Weissberg, J., and a jury), rendered on October 2, 1992, convicting defendant Dias of six counts of criminal sale of a prescription for a controlled substance, and sentencing him to concurrent terms of six months incarceration, five years probation, and 500 hours of community service, unanimously affirmed.

Judgment of the same court and Justice rendered on or about June 30, 1992, convicting defendant Aziz of six counts of criminal sale of a prescription for a controlled substance, and sentencing him to concurrent terms of 3 to 9 years, unanimously affirmed.

Defendant Dias, a psychiatrist, and his office manager, defendant Aziz, were jointly tried on various counts of criminal sale of a prescription for a controlled substance, following an undercover investigation undertaken by civilian employees

of the Attorney-General's office between February 6, 1990 and September 20, 1990, during which three undercover agents were issued false Medicaid identification cards and posed as patients seeking prescriptions for Valium at medical centers in the Bronx, Brooklyn, and Manhattan. The evidence showed that before seeing defendant Dias, the "patients" established the amount of Valium they required by negotiation with defendant Aziz, paying roughly one dollar per pill. Subsequently, after a perfunctory examination, the agreed upon dosage and amount was prescribed.

By virtue of Executive Law § 63 (3), the Attorney-General had jurisdiction to prosecute the instant crimes. The record contains letters from the Commissioners of Health and Social Services authorizing him to investigate and prosecute "any matters connected with the provision of medical assistance for needy persons" associated with the Medicaid program. The fact that no Medicaid claim was actually paid out is without significance, as the evidence established that defendants knew that each "patient" was receiving Medicaid benefits (since they presented Medicaid cards), and also, that they knew the prescriptions would be billed directly to Medicaid for reimbursement upon presentation to a pharmacist. The broad language of the grant of jurisdiction to the Attorney-General indicates that the present offense was sufficiently "connected with the provision of medical assistance" under the Medicaid program as to warrant prosecution by him.

The trial evidence was legally sufficient. The undercover agents adopted the role of drug addicts seeking narcotics rather than true psychiatric patients. Significantly, they indicated past use of Valium and alcohol abuse, both of which, according to the expert's testimony, would have alerted a bona fide psychiatrist not to prescribe Valium. The jury could rationally find that the patient interviews were unusually brief and perfunctory, and the dosages prescribed were beyond that required for legitimate treatment. Most damaging to defendants' case was that the dosages and quantities were fixed after bartering, based upon the size of the payment made, which established that the purpose of the visits was to purchase Valium, not to seek medical care.

The court's charge adequately defined the statute's requirement that a person unlawfully sells a prescription "when he does so other than in good faith in the course of his professional practice" (Penal Law § 220.65). The court charged that " 'Good faith' requires the physician to have acted for a bona fide medical purpose in prescribing the drugs in question." As

to each count, the court also charged that the defendants must have acted "knowingly", which the court defined as "when he is aware that he is selling a prescription and that he is not doing so in good faith in the course of his professional practice." The charge as given adequately conveyed the concept that "good faith" was a subjective standard.

We have considered defendants' remaining arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.