■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENSLEY CREEDEN, Appellant. [620 NYS2d 411] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 9, 1992, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant was convicted of burglary and related offenses in connection with the theft of some jewelry from the basement apartment of a three-family house in Queens. At the time of the theft the defendant was employed as a home attendant for the owner of the house, who lived on the first floor and was afflicted with multiple sclerosis. The owner's niece, the complainant, lived in the basement apartment, into

which access could be gained from the uncle's apartment via an unlocked door.

At trial the complainant testified that the defendant did not have her permission to enter her apartment while she was at work, which was when the theft occurred. However, the only access to other parts of the basement was through the complainant's apartment, and the complainant acknowledged at trial that such access to the basement was sometimes required while she was at work. Also established at trial was the fact that the defendant gave one of the items of jewelry belonging to the complainant, a cocktail ring, to his girlfriend on the night of the theft. While the defendant initially told his girlfriend that he had purchased the ring a couple of weeks before, in a subsequent letter the defendant stated that he found the ring in the driveway of his employer's home on the day of the theft.

The theory of defense was that, without the testimony of the man for whom the defendant worked, the prosecution did not meet its burden of establishing that the defendant was not given permission to enter the basement apartment on the day of the theft. Furthermore, while the evidence tended to establish that the defendant possessed one of the items of jewelry taken from the complainant's apartment, the prosecution failed to establish that the defendant possessed that item with the knowledge that it was stolen. The jury rejected the defense, and convicted the defendant of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree. The defendant appeals, and we reverse.

Viewing the evidence, which, in addition to the foregoing, consisted of the existence of a raised and cut window screen in the complainant's living room, in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

Reversal is required, however, due to the trial court's denial of the defendant's request for a missing witness charge with respect to his employer, who was the complainant's uncle and the owner of the house that was allegedly burglarized. Given his relationship to the premises and to the victim, and the fact that his wife testified for the prosecution, the record establishes that the witness was available to the prosecution and would naturally be expected to testify favorably to them (see,

*People v Gonzalez,* 68 NY2d 424, 429-431). Moreover, the defendant established that the witness was in a position to have knowledge, which was noncumulative, about a material issue in the case, as the defendant spent the day during which the alleged burglary occurred with the witness and the witness could conceivably have shed light on the issue of whether the defendant had permission to enter the basement apartment of his house on that day *(see, People v Kitching,* 78 NY2d 532, 537-538). Finally, the record contains no indication that the witness was unable to testify or that a missing witness charge would otherwise have been inappropriate *(see, People v Gonzalez, supra,* at 428).

The trial court also erred in repeatedly instructing the jury that the defendant had been found in possession of stolen property, and thereby impermissibly usurped the role of the jury by deciding the factual question of possession *(see, People v Bryson,* 118 AD2d 791; *People v Amoroso,* 38 AD2d 563). In fact, the precise language used by the trial court here has been held to constitute reversible error *(see, People v Hogue,* 139 AD2d 835; *see also, People v Luperena,* 159 AD2d 727, 729).

Given that the evidence of the defendant's guilt is less than overwhelming, these errors cannot be considered harmless *(see, People v Crimmins,* 36 NY2d 230). Thus the defendant's conviction is reversed, and a new trial ordered.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.