■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MASON, Appellant. [631 NYS2d 725] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered May 24, 1993, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was charged with committing two street robberies within a short time of one another. He was arrested following the second robbery when the second victim, while canvassing the area with police, spotted the defendant in a nearby playground and identified him as the assailant. At the time of the arrest, the defendant was allegedly found to be in possession of the fruits of both crimes.

The defense proffered at trial was one of misidentification. The defendant denied that he had committed either robbery and he further testified that he was being framed by police who had stolen $1200 from him upon his arrest. The defendant thus denied ever possessing the stolen property allegedly recovered from his possession.

During its charge, the court instructed the jury as to the availability of the recent exclusive possession presumption with regard to a watch allegedly taken during the second robbery *(see,* 1 CJI[NY] 9.80, at 554). Several times during this portion of its charge the court instructed the jury that it could utilize the presumption because the evidence demonstrated the defendant's recent exclusive possession. Indeed, the court told the jury "I remind you that the proof in this case shows that the defendant was found in possession of the property stolen in the robbery within 20 minutes of the commission of the crime". Defense counsel sought a mistrial asserting that the court was "practically telling [the jury] that the defendant conceded that a watch was found in his possession when he was arrested" and that the watch was the one stolen from the complainant. The court denied the motion. We now reverse.

In this case the defendant denied possessing the allegedly stolen property. He offered testimony suggesting that the evidence had been planted by police attempting to cover up their own misdeeds. This created an issue of fact for the jury's determination under a proper instruction utilizing all of the evidence *(see, People v Hogue,* 139 AD2d 835). By repeatedly instructing the jury that the defendant had been found in possession of recently stolen property, the court usurped the jury's role by deciding a factual question in the jury's province *(see, People v Creeden,* 210 AD2d 422). Indeed, the defendant's contentions of error in this regard are clearly meritorious *(see, People v Luperena,* 159 AD2d 727, 729). Moreover, we are not persuaded that the court's charge as a whole adequately conveyed the appropriate standards *(cf., People v Luperena, supra).* Nor do we agree with our dissenting colleague that the error was harmless. The prejudicial impressions created by the court's inappropriate comments were never corrected or alleviated by its general instructions *(see, People v Bryson,* 118 AD2d 791). Therefore, a new trial is warranted. Miller, J. P., Goldstein and Florio, JJ., concur.

Altman, J., dissents and votes to affirm the judgment with the following memorandum. While I agree that some portions of the court's charge were erroneous, consideration of the charge as a whole and the overwhelming evidence of the defendant's guilt leads me to conclude that any error was harmless. There is no significant probability that the jury would have acquitted the defendant were it not for the errors in the charge *(see, People v Johnson,* 57 NY2d 969; *People v Crimmins,* 36 NY2d 230; *People v Luperena,* 159 AD2d 727, 729-730).

Both victims observed the defendant before the robberies occurred. During the robberies, the victims had ample opportunity to view the defendant at close range and they also observed him after each of the incidents. In particular, the second victim chased the defendant when he fled from the scene and had several additional opportunities to view the defendant as he turned to face the victim, at one point cursing. The descriptions of the perpetrator given to the police by both victims were consistent. The second victim's identification of the defendant shortly after the robbery was immediate and unequivocal and the first victim later identified the defendant in a lineup. Each of the victims identified the defendant at trial.

Given this overwhelming eyewitness identification testimony, the error in the charge concerning the recent exclusive possession presumption, which related only to one of the items taken in the second robbery, was harmless. Accordingly, I would affirm the judgment.