■ The People of the State of New York, Respondent, v Priyakant S. Doshi, Appellant. [673 NYS2d 629] —Judgment,

Supreme Court, New York County (Edward McLaughlin, J.), rendered March 28, 1996, convicting defendant, after a jury trial, of criminal sale of a prescription for a controlled substance (3 counts), criminal sale of a controlled substance in the fifth degree (5 counts), criminal possession of a controlled substance in the fifth degree (5 counts) and failure to label a prescription drug (8 counts), and sentencing him to concurrent prison terms of $2^{1}/_{2}$ to $7^{1}/_{2}$ years, $2^{1}/_{3}$ to 7 years, $2^{1}/_{3}$ to 7 years and 1 year, respective to each set of offenses, unanimously modified, on the law, to the extent of vacating the convictions under indictment counts 8, 9, 13 and 14 and remanding the matter for a new trial on those counts, and otherwise affirmed. Order, same court and Justice, entered on or about March 24, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed. The matter is remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court's charge to the jury regarding the circumstances under the Public Health Law in which a practitioner may dispense controlled substances to an addict did not constitute a constructive amendment to the indictment changing the People's theory of prosecution (*People v Angel*, 238 AD2d 210, *lv denied* 90 NY2d 1009), since the court instructed that any violation of such rule was only one factor to be considered in assessing the general standard of whether defendant had provided controlled substances in "good faith" in the course of his professional duties (*see*, *People v Dias*, 197 AD2d 387, 388, *lv denied* 82 NY2d 805).

We agree that the convictions under indictment counts 8, 9, 13 and 14, which involved a controlled substance known as Lorazepam in 2.5 milligram dosage, must be vacated. Assuming the accuracy of the court's conclusion that, under the Public Health Law, this substance could not have been lawfully possessed or distributed, the court should have, consistent with contemporaneous instructions given in the jury charge, instructed the jury that any violation of the Public Health Law was merely one factor to be considered in evaluating whether a good-faith defense existed. Instead, the court stated, in regard to the Lorazepam 2.5 milligram counts, that "unlawfully means that no one—physician or otherwise—is entitled to possess or to sell that substance", making a distinction with the "good faith" consideration that the court had instructed with respect to the "other substances". By removing from consideration any good-faith defenses regarding Lorazepam 2.5 milligrams, the court effectively directed a verdict against defendant on the

sale and possession counts covering that substance in that dosage (*see, People v Mason,* 219 AD2d 681). Accordingly, a new trial on those counts is required, should the People be so advised.

As the lack of merit of the CPL 440.10 claims was apparent from the submitted papers, the court properly denied, without a hearing, defendant's CPL 440.10 motion to vacate the judgment of conviction. The People did not violate their disclosure obligations pursuant to *Brady v Maryland* (373 US 83) because the existence of the Medicaid payment records was necessarily known to defendant by virtue of his having billed Medicaid and received payment (*see, People v Quinones,* 228 AD2d 796). In any event, there is no reasonable possibility that these records could have affected the verdict.

The court's examination of witnesses was not so excessive as to warrant reversal.

Defendant's challenge to the court's instruction to the jury concerning a witness's invocation of the Fifth Amendment is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the error, if any, was harmless in view of the overwhelming evidence of guilt.

We perceive no abuse of sentencing discretion. We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.