■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON JEFFERSON, Appellant. [722 NYS2d 32] —On the Court's own motion, its unpublished decision and order in the above-entitled action dated January 29, 2001, is recalled and vacated, and the following is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 21,

1996, convicting him of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, a new trial is ordered with respect to count five of the indictment charging assault in the first degree and count ten of the indictment charging criminal possession of a weapon in the third degree, and count two of the indictment is dismissed with leave to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726).

The trial court's refusal to grant the defendant's request for a missing witness charge with respect to the girlfriend of the deceased victim mandates a new trial. Contrary to the determination of the Supreme Court, that witness, who was named in the indictment as a complainant, identified the defendant before his arrest, and testified against him before the Grand Jury, was clearly under the People's control (see, People v Paulin, 70 NY2d 685; People v Creeden, 210 AD2d 422).

A party seeking a missing witness instruction must show not only that the witness has knowledge of a material issue in the case, but also that the witness is expected to provide testimony favorable to the opposing party (see, People v Macana, 84 NY2d 173, 177). The witness here satisfied these criteria, and the People failed to meet their burden of showing that the instruction would be inappropriate.

The defendant's defense was justification. The defendant claimed he fired because he thought the deceased victim and his companion had a gun. The People indicated in their opening statement that the witness stated that the deceased victim and his companion had "no gun." Such testimony would have been highly relevant to his justification defense. Further, the defense counsel stated on the record that the deceased victim had known the defendant for several months when the crime occurred. The prosecutor acknowledged that the deceased victim dealt drugs with the defendant, and that he was avoiding putting that information before the jury. However, such noncumulative testimony would have been relevant to motive and intent (see, People v Cham, 259 AD2d 492).

Although in summation the defense counsel asked the jury to draw an adverse inference from the People's failure to call the witness, the prosecutor, in his summation, argued that the jury could not speculate on whether the witness could have added anything, and asked the jury "not to find this defendant not guilty" based upon conjecture as to what she would have testified. The trial court, in its instructions to the jury, further

stated that the jury was to base its conclusions on the evidence adduced at the trial, and arguments consistent with the evidence.

In view of the foregoing, the error in failing to give a missing witness instruction cannot be deemed harmless. Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.