■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME JONES, Appellant. [808 NYS2d 84]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered October 30, 1998, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the trial court's questioning of the police witness, whereby testimony was elicited that the officer had prior dealings with the defendant. Upon the defense counsel's objection, the trial court immediately stopped its questioning. Thereafter, the defendant chose not to move for a mistrial and declined the trial court's offer for curative instructions to the jury. Accordingly, the issue was not preserved for appellate review (*see People v Etheridge,* 160 AD2d 1020 [1990]).

The defendant also contends that the prosecutor improperly introduced evidence of an uncharged crime. To the extent that this issue is preserved for appellate review, any error was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant further contends that the trial court improperly denied his request for a missing witness charge. We note that the People cannot raise the issue of untimeliness of the request for the first time on appeal (*see People v Young,* 4 AD3d 441 [2004]; *People v Martin,* 208 AD2d 770 [1994]; *People v Farrow,* 187 AD2d 667 [1992]). Nor may they argue, for the first time on appeal, that the defendant failed to establish that the uncalled witness had knowledge of a material issue, or that the People established that he had no non-cumulative evidence to offer (*see People v Gonzalez,* 68 NY2d 424, 430 [1986]; *People v Sims,* 226 AD2d 564, 565 [1996]).

However, as the defendant failed to demonstrate that the witness would naturally be expected to provide testimony favorable to the prosecution, the trial court properly denied the request (*see People v Macana,* 84 NY2d 173, 177 [1994]; *People v*

*Gonzalez, supra* at 428; *People v Farrow, supra* at 667; *cf. People v Jefferson*, 281 AD2d 433, 434 [2001]; *People v Creeden*, 210 AD2d 422, 423 [1994]).

The defendant's remaining contention is without merit. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.