■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASMINE HUGHES, Appellant. [898 NYS2d 490]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J), rendered January 9, 2009, convicting her of grand larceny in the third degree and falsifying business records in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court did not err in charging the jury that the bank where the defendant worked owned the money which she deducted from a customer's home equity line of credit without authorization. Although

"[s]tatements concerning material facts in issue invade the province of the jury and are improper" (*People v Bryson*, 118 AD2d 791, 792 [1986]; *see People v Mason*, 219 AD2d 681 [1995]; *People v Martin*, 115 AD2d 565 [1985]), the question of whether the bank or its customer owned the subject money was not a material question in this case.

Further, the trial court did not improvidently exercise its discretion in denying the defendant's request for a missing witness charge. The People demonstrated that the witness's whereabouts were unknown and that diligent efforts to locate him were unsuccessful (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]; *People v Gallardo*, 58 AD3d 867 [2009]; *People v Flores*, 255 AD2d 394, 395 [1998]; *People v Aguaro*, 241 AD2d 459 [1997]).

Finally, any violation of the best evidence rule which may be said to have occurred in connection with the admission of a duplicate of the line of credit advance slip was not prejudicial to the defendant and did not affect the fairness of the trial (*see People v Craven*, 48 AD3d 1183, 1184 [2008]; *People v Cole*, 201 AD2d 438 [1994]; *People v Fondal*, 154 AD2d 476, 477 [1989]). Mastro, J.P., Eng, Belen and Austin, JJ., concur.