■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BURNELL, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered December 21, 1987, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Defendant was apprehended on June 25, 1987 by State Trooper Thomas Wolf while taking an electric guitar out of Wolf's home. Defendant claimed that an unidentified friend permitted him to enter the house. Wolf subsequently observed defendant attempting to secrete a mint coin set belonging to Wolf's brother under the front seat of a car where defendant was being restrained. A search of defendant by police officers from the City of Elmira Police Department who were called to the scene also uncovered Wolf's Timex pocket watch in the pocket of defendant's pants. Defendant was eventually taken to the Elmira Police Department in Chemung County, where he made several statements regarding the events. Defendant claimed that he received a tip that his own guitar, which had been stolen several years before, was at the Wolf residence. He claimed that this prompted his entry into the home. Upon discovering that the guitar was not his, defendant took it anyway, as well as the coins and the watch.

At trial, defendant testified that he had been drinking excessively and consumed Xanax, a drug. He indicated that he was obsessed with his lost guitar and that he believed the tip that the guitar was at the Wolf residence. Defendant tried to advance the defense that he did not have the requisite intent to commit the crimes charged because of this obsession with his guitar and his consumption of the alcohol and the drug. Defendant was found guilty of burglary in the second degree

and petit larceny and sentenced as a second felony offender to concurrent prison sentences of 4½ to 9 years and six months, respectively.

On this appeal, defendant contends that County Court's denial of testimony from his former wife and her mother regarding his drug and alcohol dependency and obsession with his guitar was error. He urges that their testimony was relevant to negate the element of intent. We find that the court properly excluded this testimony. Neither witness saw defendant close to the time of the incident so that their information as to his past mental and physical state was too remote (see, People v Westergard, 113 AD2d 640, affd 69 NY2d 642). Defendant, however, was permitted to testify about his obsession personally. On balance, we find that defendant suffered no prejudice from the court's ruling.

We reject as well defendant's contentions that County Court gave an unbalanced jury charge in that it singled out defendant's personal interest in the outcome of the trial but failed to refer to the possible interest of the People's witnesses. In its general comment on the assessment of the witnesses' testimony, the court clearly indicated that interest in the outcome of a case was one of the considerations in evaluating the credibility of witnesses. We deem the charge to be fair and balanced and in conformity with the law (see, People v Hogue, 139 AD2d 835).

As to defendant's exception to the prosecutor's summation, we deem this to be waived because defendant failed to preserve the claim by his failure to object at trial (see, CPL 470.05 [2]; People v Nuccie, 57 NY2d 818). Finally, finding no abuse of County Court's discretion in the imposition of sentence, we decline to intervene (see, People v Hochberg, 62 AD2d 239).

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.