■ The People of the State of New York, Respondent, v

JOHN A. ASHFORD, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered August 26, 1991, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant raises several issues regarding his trial which he urges require reversal of his conviction. Defendant was convicted of making drug sales to police informant Donald Wallace on December 4, 1990 and December 5, 1990. During the testimony of Wallace at trial, the District Attorney asked if he had ever bought drugs from defendant in the past. The question was answered, "Yes, I have," whereupon an objection was made and County Court, in the absence of the jury, affirmed the objection and directed the People to desist from this line of questioning. Defendant moved for a mistrial which was denied. The jury was thereupon given curative instructions.

Defendant contends that based on *People v Crandall* (67 NY2d 111), County Court abused its discretion in not granting defendant's motion for a mistrial. Defendant argues that the prejudicial remark was of such magnitude that his right to a fair trial was violated. We disagree. Although it was improper to pose the question *(see, People v Crandall, supra,* at 116-117), the court's actions in striking the question and giving curative instructions to the jury were sufficient to nullify any possible prejudice to defendant. The evidence of defendant's guilt was strong. Wallace was carefully searched by the police before he entered defendant's premises, he was kept under surveillance, his conversation with defendant was recorded and, upon exiting from defendant's home, he was searched and the contraband confiscated. The evidence in the case overwhelmingly established two purchases of cocaine from defendant. There is no significant probability that the jury would have acquitted defendant had it not heard the question and answer in issue *(see, People v Crimmins,* 36 NY2d 230, 237).

Defendant next contends that County Court erred in disallowing defendant from eliciting testimony concerning the circumstances surrounding his arrest. Defendant's arrest was approximately three months after the two charged crimes were allegedly committed. The information sought to be elicited was not relevant to and too remote from the crimes charged *(see, People v Burnell,* 151 AD2d 926, 927, *lv denied* 75 NY2d 768). In any event, a determination of relevancy rests within the trial court's discretion. We find no abuse of County Court's discretion here.

Defendant also argues that County Court erred in denying defendant's motion to suppress tapes of the alleged drug sales in that they were inaudible and in permitting the jury to use transcripts thereof prepared by the People to aid them. We disagree. The court's finding of audibility after listening to the tapes and its instruction to the jury that the transcripts were merely to be used as an aid were entirely proper *(see, People v Maderic,* 142 AD2d 892, 894).

Defendant's allegation of ineffective assistance of counsel is not borne out by the record. Defense counsel was vigorous in presenting defendant's case by attacking the credibility of the plaintiff's witnesses and in attempting to place defendant's own interpretation of the compromising language of the tapes before the jury. Defense counsel comported with the principles enunciated in *People v Baldi* (54 NY2d 137).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed. [As amended by order entered Apr. 5, 1993.]