■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MONTANEZ HERNANDEZ, Appellant. [603 NYS2d 187] — Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Santagata, J.), rendered July 23, 1991, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858). In any event,

viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

We reject the defendant's argument that his motion for a mistrial should have been granted based on the prosecution's failure to advise the defense that one of its witnesses, a codefendant who had agreed to testify against the defendant in exchange for more lenient treatment, had lied to the Grand Jury. Specifically, the witness had testified before the Grand Jury that he had been told by another one of the codefendants to meet the defendant at a certain restaurant in Brooklyn to arrange for the delivery of cocaine, and upon his arrival at the restaurant had asked for the defendant by name. At the trial, however, the witness testified that the other codefendant had told him to ask, not for the defendant, but for an individual named Raoul, with whom the witness met. While condemning the lie to the Grand Jury, the prosecutor acknowledged that the People had known about it, and the defendant contends that this was exculpatory evidence to which he was entitled under *Brady v Maryland* (373 US 83). However, whatever the legitimacy of the defendant's assertion that this lie constituted *Brady* material, we find that any violation was obviated by the defendant's knowledge and ability to make use of the material during the trial, which he did by confronting the witness with his Grand Jury testimony *(see, People v Cortijo,* 70 NY2d 868; *cf., People v Steadman,* 82 NY2d 1; *People v Savvides,* 1 NY2d 554). Moreover, in view of the testimony of other witnesses directly linking the defendant to the sale of the narcotics, as well as his own signed confession, any error was harmless *(cf., People v Steadman, supra).*

Finally, the defendant waived his claim that Nassau County lacked geographical jurisdiction to prosecute him, since the defendant never requested the trial court to charge the jury with respect to geographical jurisdiction *(see, People v McLaughlin,* 80 NY2d 466, 471; *People v Moore,* 46 NY2d 1, 6-7). Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.