(January 26, 1995)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. B. HOYLE, Appellant. [621 NYS2d 756] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 12, 1991, upon a verdict convicting defendant of the crimes of burglary in the first degree and petit larceny.

On May 29, 1991, defendant and two accomplices agreed to go to the home of a 71-year-old woman to steal money. Access was achieved by defendant's pretense of being the victim's grandson. When the victim opened the door, she was knocked down by defendant and then kicked and hit repeatedly. At such time, she was wearing nasal tubes for an oxygen machine and had recently undergone a double mastectomy. While defendant was beating the victim as she pleaded with

him to stop, his accomplices searched the home for valuables. They fled with only the victim's purse and some of her mail. The crime netted defendant and his accomplices 10 cents.

On June 6, 1991, defendant was placed in custody and signed a confession which was admitted at trial. Defendant's accomplices pleaded guilty and testified against defendant at trial. Defendant was found guilty and sentenced to 8⅓ to 25 years in prison for the burglary conviction and one year for the petit larceny conviction, with such sentences to be served concurrently. Defendant appeals.

Defendant contends that he was deprived of a fair trial when the People failed to turn over materials regarding the plea arrangements struck with defendant's accomplices and when the People failed to dispute the denial, made by one accomplice during his testimony, that he was given favorable treatment in exchange for his testimony. Although the People contend that the issue has not been preserved for review, we disagree based upon our review of the trial transcript *(see,* CPL 470.05 [2]; *People v McKay,* 162 AD2d 146, 147, *lv denied* 76 NY2d 895; *see also,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 470.05, at 10-11). Defendant correctly asserts that an agreement between the People and a witness which might induce such witness to testify must be disclosed pursuant to the principles enunciated in *Brady v Maryland* (373 US 83), with the failure to do so a constitutional violation *(see, People v Novoa,* 70 NY2d 490, 496), as would be the failure to correct misstatements by a witness concerning such agreement *(see, supra).* Such violations are, however, subject to a harmless error analysis *(see, People v Steadman,* 82 NY2d 1, 8-9). Yet, constitutional error can only be held harmless where there is "no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" *(People v Crimmins,* 36 NY2d 230, 237; *see, Chapman v California,* 386 US 18).

Contrary to the statement made by County Court at sentencing, we do not find any support in the record indicating that the accomplices' testimony was induced by their plea arrangements. Defendant's contentions regarding constitutional error are therefore found to be without merit. Even if, however, the failure to turn over the plea materials or dispute the denial made by an accomplice that he was given favorable treatment in exchange for his testimony was error, the test for harmless constitutional error would be met here *(see, People v Crimmins, supra).* In view of the testimony of the

other witnesses directly linking defendant to the beating and robbery of the victim as well as the burglary of her home, coupled with his own signed confession, we find that there was overwhelming proof of defendant's guilt such that error, if any, was harmless *(see, supra; People v Hernandez,* 198 AD2d 375, 376, *lv denied* 83 NY2d 806; *cf., People v Steadman, supra).*

Addressing defendant's next contention that County Court erred by failing to instruct the jury on the lesser included offense of criminal trespass in the second degree (Penal Law § 140.15), we note that such charge must only be given if the defendant can show both that the greater crime cannot be completed without the concomitant commission of the lesser included crime and that there is a reasonable view of the evidence which would support the commission of the lesser offense but not the greater *(see, People v Heide,* 84 NY2d 943, 944; *People v Glover,* 57 NY2d 61, 63). While we note that defendant has met his burden of showing that the crime of criminal trespass in the second degree is a lesser included offense of the crime of burglary in the first degree, we fail to see any reasonable view of the evidence which would support the commission of the crime of criminal trespass in the second degree and not the greater offense of burglary in the first degree. It is undisputed that defendant knowingly went to the victim's dwelling with intent to commit a crime therein *(see,* Penal Law § 140.30) and that physical injury was caused to a nonparticipant *(see,* Penal Law § 140.30 [2]).

Finally, defendant seeks modification of the sentence imposed contending that it is overly harsh, cruel and unusual. Noting that sentencing is a matter within the discretion of the trial court which will not be disturbed on appeal absent an abuse of discretion *(see, People v Hochberg,* 62 AD2d 239, 251; *see also, People v Burnell,* 151 AD2d 926, 927, *lv denied* 75 NY2d 768), we find, in light of the gravity of the offense coupled with the evidence of defendant's personal culpability, that County Court did not abuse its discretion. With the sentence within the permissible statutory range *(see,* Penal Law § 70.02 [3] [a]; *People v Greco,* 187 AD2d 151, 159, *lv denied* 81 NY2d 1073), neither defendant's youth nor the lesser prison terms received by his accomplices mandate a different result *(see, People v Thompson,* 83 NY2d 477, 484-485).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.