■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELLY L. ROBINSON, Appellant. [632 NYS2d 330] —Mikoll, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered July 11, 1994 in Essex County, upon a verdict convicting defendant of the crimes of rape in the third degree (three counts) and endangering the welfare of a child.

The events underlying this matter stem from the sexual

involvement of defendant, a 26-year-old woman, with a 14-year-old boy. Defendant was charged with three separate instances of sexual intercourse with the boy. The victim testified about the three incidents. His testimony was supported by that of his friend who testified that defendant admitted to him that she and the minor had engaged in sex. Defendant testified and denied the charges. The jury found defendant guilty on all counts. Subsequently, defendant was sentenced as a second felony offender to a prison term of 2 to 4 years on each rape count and 1 year on the child endangering count. This appeal ensued.

Defendant's contention, that the prosecution's remarks in summation so prejudiced the jury by their inflammatory, irrelevant and misleading nature so as to render Supreme Court's curative instructions ineffective, is rejected. Review of the People's summation, in light of the defense summation and the issues before the jury, reveals that the court's curative instructions were sufficient to correct any potential prejudice to defendant from the prosecution's inappropriate comments (*see, People v Ashwal*, 39 NY2d 105, 109, 111; *People v Broady*, 5 NY2d 500, 514-516).

Defendant's assertion that Supreme Court erroneously refused to give an "interested witness" charge to the jury regarding the People's witnesses is without merit. The court gave a general charge explaining that it was within the jury's province to evaluate the credibility of the witnesses in evaluating the evidence admitted at trial. Its charge on credibility as given was fair and balanced (*see, People v Burnell*, 151 AD2d 926, 927, *lv denied* 75 NY2d 768; *People v Hogue*, 139 AD2d 835). There was no showing that the People's witnesses had a direct penal or personal interest in the outcome of the trial that would require a specific "interested witness" charge (*see, People v Diaz*, 150 AD2d 885, 886, *lv denied* 74 NY2d 808; *People v Brabham*, 77 AD2d 626).

Finally, defendant's request that her sentence be reduced for reasons stated at her sentencing is not persuasive. Defendant's extensive criminal history and the serious nature of the crimes for which she was being sentenced were considered by Supreme Court at sentencing. There is no showing that Supreme Court abused its discretion in imposing sentence and, absent the existence of extraordinary circumstances, a modification is not warranted (*see, People v Scotti*, 152 AD2d 760, *lv denied* 76 NY2d 865; *People v Irby*, 115 AD2d 661, *lv denied* 67 NY2d 885).

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.