■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. BATEMAN, Appellant. [661 NYS2d 72] —Yesawich Jr., J.

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 5, 1996, upon a verdict convicting defendant of the crimes of robbery in the third degree and grand larceny in the fourth degree.

At about 12:30 A.M. on March 9, 1995, while Dolores Stevesky and her mother (hereinafter the victim) were walking to their car from a nearby hospital, a man ran past them and snatched the victim's purse. Stevesky and Howard Graham, a hospital security guard, chased the perpetrator. Graham later showed the police where he had last seen the fleeing suspect and they located a trail of fresh bootprints in the snow, which led to defendant's apartment. Convicted after a jury trial, defendant appeals.

Defendant contends that there was insufficient evidence to support the conviction (or, alternatively, that the conviction was against the weight of the evidence), because the circumstantial proof relied upon by the People failed to establish his identity as the perpetrator beyond a reasonable doubt. We disagree. The testimony adduced at trial disclosed the presence of bootprints leading from the place where the perpetrator had last been seen by Graham to the second-floor apartment defendant shared with his brother and the brother's girlfriend; that defendant matched the general height and stature of the purse snatcher; that defendant's brother inexplicably brought a pair of defendant's boots to his upstairs neighbor's apartment later that morning; that defendant had in his possession a sweatshirt and jacket similar to those the perpetrator had been wearing, and often wore them together; and that defendant had commented, with reference to a newspaper article apparently describing the man who had fled the scene, that "[t]hey got me down as being in my twenties".

Taken together, and viewed in the light most favorable to the People, the foregoing provide ample basis for the jury's conclusion that defendant was the person who had seized the victim's purse, and its coincident rejection of his assertions that he was asleep at the time the theft occurred and that the thief may have been his upstairs neighbor (see, People v Norman, 85 NY2d 609, 620-621; People v Burton, 213 AD2d 732, 733, lv denied 85 NY2d 970). To the extent that there were conflicts, inconsistencies and uncertainties in the proof, they merely presented credibility questions that were resolved in the People's favor (see, People v Williams, 184 AD2d 606, 607, lv denied 80 NY2d 978). Nor are we persuaded, after considering the totality of the proof and the competing inferences that may be drawn therefrom, that the verdict is against the weight

of the credible evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant's remaining contentions are also unavailing. In view of defense counsel's inability to state, conclusively, that he did not receive all of the Grand Jury transcripts, and the prosecutor's sworn statement that he specifically recalled copying and sending the disputed portions, County Court rightly concluded that defendant had not proven that his adversary failed to turn over this *Rosario* material (*see, People v Pickett*, 235 AD2d 295, 296; *cf., People v Poole*, 48 NY2d 144, 149). Nor did the court improperly deny defendant's request for a missing witness charge with respect to James Igo, the upstairs neighbor, given the People's showing that, despite diligent efforts—including the issuance of a subpoena, canvassing of Igo's family and friends, searches of his New York and South Carolina residences, repeated contacts with law enforcement agencies in South Carolina and Tampa, Florida (the locale to which he was believed to have absconded), and searches of public assistance records—they were unable to locate Igo to testify at the trial (*see, People v Skaar*, 225 AD2d 824, 824-825, *lv denied* 88 NY2d 854; *People v Munroe*, 185 AD2d 530, 532-533).

As for the remaining issues advanced by defendant, it suffices to note that he did not establish the requisite factual basis to justify a specific instruction alluding to the possible interest or bias of Igo's estranged girlfriend (*see, People v Robinson*, 220 AD2d 896, 897, *lv denied* 87 NY2d 977). Moreover, the details of her vacillating relationship with Igo, and the various reasons she may have had for wanting to exonerate him, were probed in detail; this, along with the general charge regarding witness credibility, was sufficient to assure that her testimony was weighed appropriately by the jury (*see, People v Inniss*, 83 NY2d 653, 659). And, parenthetically, there was no reason to have allowed defense counsel, as he implores, to elicit opinion testimony from two police officers who had no direct knowledge of the pertinent facts (*see, People v Russell*, 165 AD2d 327, 332, *affd* 79 NY2d 1024).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.